TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00162-CR






Ernest Hutchins, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0973380, HONORABLE FRED A. MOORE, JUDGE PRESIDING







Appellant Ernest Hutchins was tried on an indictment accusing him of two counts
of aggravated sexual assault of a child (counts one and two), two counts of indecency with a child
by contact (counts three and four), and one count of indecency with a child by exposure (count
five). See Tex. Penal Code Ann. §§ 21.11(a) (West 1994), 22.021(a)(1)(B)(i), (2)(B) (West Supp.
1999). A jury found appellant guilty as to counts one, three, and five, and not guilty as to counts
two and four. After finding that appellant had been previously convicted of a felony offense, the
jury assessed punishment at imprisonment for life and a $10,000 fine on counts one and three, and
at imprisonment for twenty years and a $10,000 fine on count five.

In two points of error, appellant contends he has been subjected to multiple
punishments for the same offense in violation of the constitutional guarantee against double
jeopardy. See U.S. Const. amend. V, XIV; Tex. Const. art. I, § 14. Appellant also complains
of charge error. We will sustain appellant's double jeopardy contention as to the conviction for
indecency with a child by exposure, but will overrule his other contentions.


Double jeopardy

Appellant does not separately argue his state and federal constitutional claims, and
makes no argument that the Texas double jeopardy clause differs in any significant way from the
Fifth Amendment. We therefore overrule point of error one, the state claim, and will consider
the double jeopardy issue under the federal constitution. See Queen v. State, 940 S.W.2d 781,
783 (Tex. App.--Austin 1997, pet. ref'd).

The Fifth Amendment guarantee against double jeopardy embodies three
protections: against a second prosecution for the same offense following conviction, against a
second prosecution for the same offense following acquittal, and against multiple punishments for
the same offense. Illinois v. Vitale, 447 U.S. 410, 415 (1980); Cervantes v. State, 815 S.W.2d
569, 572 (Tex. Crim. App. 1991). Appellant invokes the third of these protections. He did not
raise this double jeopardy claim below, but under the circumstances presented, the alleged
violation may be raised for the first time on appeal. See Shaffer v. State, 477 S.W.2d 873, 876
(Tex. Crim. App. 1971); Casey v. State, 828 S.W.2d 214, 216 (Tex. App.--Amarillo 1992, no
pet.).

Count one of the indictment alleged that on or about June 1, 1997, appellant
knowingly and intentionally penetrated the female sexual organ of L.M., a child under the age of
fourteen, with his penis. See Penal Code § 22.021(a)(1)(B)(i), (2)(B). Count three alleged that on
or about June 1, 1997, appellant knowingly and intentionally touched L.M.'s genitals with the
intent to arouse and gratify his sexual desire. See Penal Code § 21.11(a)(1). Count five alleged
that on or about June 1, 1997, appellant knowingly and intentionally exposed his genitals knowing
L.M. was present, with the intent to arouse and gratify his sexual desire. See Penal Code
§ 21.11(a)(2).

L.M. testified that in June 1997, when she was eleven years old, appellant entered
the room in which she was sleeping, removed her clothes and his own, and began to touch her
between her legs. She said appellant touched her private with his fingers, then touched her private
with his private. L.M. said this felt nasty and hurt. She did not see appellant's private because
it was dark. The record reflects that L.M. used the word "private" to refer to her and appellant's
genitals. A pediatrician who examined L.M. in July 1997 testified that a physical examination of
the child was consistent with both digital and penile penetration. Appellant does not dispute the
sufficiency of this evidence to sustain his convictions on each of the three counts.

When the same act or transaction violates two different penal statutes, the two
offenses are the same for double jeopardy purposes if one of the offenses contains all the elements
of the other; they are not the same if each offense has a unique element. See Blockburger v.
United States, 284 U.S. 299, 304 (1932). The double jeopardy guarantee against multiple
punishments for the same offense does no more than prevent greater punishment than the
legislature intended. See Missouri v. Hunter, 459 U.S. 359, 366 (1983); Ex parte Kopecky, 821
S.W.2d 957, 959 (Tex. Crim. App. 1992). Absent a clear indication of contrary legislative intent,
it is presumed that the legislature did not intend to authorize multiple punishments for two offenses
that are the same under the Blockburger test. See Whalen v. United States, 445 U.S. 684, 691-92
(1980).

The Texas Court of Criminal Appeals has written that "[t]he only proposition upon
which everyone seems to agree is that greater inclusive and lesser included offenses are the same
for jeopardy purposes." Parrish v. State, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994). In
Texas, an offense is included within another if, among other things, "it is established by proof of
the same or less than all the facts required to establish the commission of the offense charged." 
Tex. Code Crim. Proc. Ann. art. 37.09(1) (West 1981). As the court observed in Parrish, "Our
statute law thus describes includedness in much the same way Blockburger describes sameness." 
Parrish, 869 S.W.2d at 354. The court added, "[W]e are inclined to agree that the Double
Jeopardy Clause does bar prosecution of any offense which, according to Texas law, includes or
is included within an offense for which the defendant has already been prosecuted . . . ." Id. at
355. Parrish was a successive prosecution case, but the meaning of "same offense" is the same
in both the successive prosecution and multiple punishment contexts. See United States v. Dixon,
509 U.S. 688, 696-97, 704 (1993).

In Cunningham v. State, 726 S.W.2d 151 (Tex. Crim. App. 1987), the defendant
was tried before the district court for aggravated sexual assault of a child. The court, finding that
the evidence did not prove penetration of the child's mouth by the defendant's penis as alleged in
the indictment, convicted the defendant of indecency with a child by exposure. On appeal, the
defendant urged that indecency with a child is not a lesser included offense of aggravated sexual
assault because it requires proof of an element not found in the other offense: the specific intent
to arouse or gratify sexual desire. The court of criminal appeals concluded that while the
aggravated sexual assault statute does not by its terms require a specific intent to arouse or gratify
sexual desire, an actor may nevertheless act with such intent when he causes or attempts to cause
his penis to penetrate a child's mouth. In such a case, the court held, if the evidence of
penetration fails, the defendant may be convicted of indecency with a child by exposure as a lesser
included offense. Id. at 155.

In Ochoa v. State, 982 S.W.2d 904 (Tex. Crim. App. 1998), the evidence showed
that the defendant sexually assaulted his six-year-old niece by penetrating either her female sexual
organ or anus. On this evidence, a jury convicted him for both aggravated sexual assault of a
child by penetration and indecency with a child by contact. The State contended on appeal that
the two offenses were not the same under Blockburger and it was therefore permissible to convict
the defendant of both. Citing Cunningham, the court of criminal appeals concluded that indecency
with a child by contact was a lesser included offense of aggravated sexual assault of a child under
the circumstances shown. "Because there was evidence of only one offense committed by [the
defendant] . . . we hold that the State should have elected which offense upon which it would
proceed or, in the alternative, received a submission of the offense of indecency with a child to
the jury only as a lesser-included alternative to the offense of aggravated sexual assault." Id. at
908.

It is undisputed that on or about June 1, 1997, acting with the intent to arouse or
gratify his sexual desire, appellant exposed his penis in L.M.'s presence in the course of
penetrating L.M.'s female sexual organ. By so doing, appellant violated both Penal Code section
21.11(a)(2), indecency with a child by exposure, and section 22.021(a)(1)(B)(i), (2)(B), aggravated
sexual assault of a child by penetration, with the former being a lesser included offense of the
latter. See Cunningham, 726 S.W.2d at 154-55. Because the greater inclusive and lesser included
offenses arose from the same conduct, they were the same for double jeopardy purposes. See
Blockburger, 284 U.S. at 304; Parrish, 869 S.W.2d at 354. In the absence of a clear indication
that the legislature intended to inflict multiple punishments, we agree with appellant that his
convictions for both offenses constituted double jeopardy. See Whalen, 445 U.S. at 691-92. 
Accordingly, appellant's conviction for indecency with a child by exposure will be set aside. See
Landers v. State, 957 S.W.2d 558, 560 (Tex. Crim. App. 1997) (when defendant is convicted of
two offenses in violation of double jeopardy guarantee, offense carrying most serious punishment
will be retained and other offense will be set aside). To this extent, point of error two is
sustained. (1)

If the evidence also showed that the only act of sexual contact committed by
appellant on or about June 1, 1997, was the contact incident to appellant's penetration of L.M.
with his penis, or if the court's jury charge had required the jury to find that appellant touched
L.M. with his penis, we would also agree with appellant that he could not be convicted for both
aggravated sexual assault and indecency with a child by contact. See Ochoa, 982 S.W.2d at 907-08. But neither the evidence nor the charge was so limited. L.M. testified that appellant touched
her genitals with his fingers before penetrating her with his penis. The jury charge, tracking the
indictment, required the jury to find only that appellant touched L.M.'s genitals with the requisite
intent; the charge did not require a finding that appellant touched L.M. with his penis. Although
the two acts were committed in close temporal proximity, appellant's touching of L.M.'s genitals
with his fingers was a separate and distinct act from his penetration of her female sexual organ
with his penis. Because appellant has not shown that his conviction for indecency with a child by
contact was based on the same conduct underlying his conviction for aggravated sexual assault of
a child, his contention that these convictions constitute multiple punishments for the same offense
is without merit. As to these convictions, point of error two is overruled.


Charge error

In his third point of error, appellant contends the district court erred by instructing
the jury that the limitations period for aggravated sexual assault of a child was ten years. 
Appellant argues that the limitation period for this offense was in fact five years. This contention
and the argument supporting it were considered and rejected by this Court in Zinger v. State, 899
S.W.2d 423, 432-33 (Tex. App.--Austin 1995), rev'd on other grounds, 932 S.W.2d 511 (Tex.
Crim. App. 1996). Point of error three is overruled.

The district court rendered separate judgments on each count. The judgments of
conviction on counts one and three, aggravated sexual assault of a child and indecency with a child
by contact, are affirmed. The judgment of conviction on count five, indecency with a child by
exposure, is reversed and that cause is dismissed.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed in Part; Reversed and Dismissed in Part

Filed: April 29, 1999

Publish











* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. L.M. and two of her sisters testified to another incident that occurred in May 1991, when
L.M. was five. L.M. testified that on this occasion, she and appellant were together in bed with
their clothes off. It was daylight and she saw appellant's penis. She demonstrated what appellant
did with anatomically correct dolls. The prosecutor described the demonstration by saying the
dolls "have the privates touching each other." L.M. said appellant's penis had "white stuff on it." 
This incident ended when L.M.'s sisters entered the room.


 The State offered the 1991 incident as an extraneous offense tending to show the state of
mind and previous relationship of appellant and L.M. See Tex. Code Crim. Proc. Ann. art. 38.37
(West Supp. 1999). The district court instructed the jury that appellant was "on trial solely on the
charges alleged in the indictment" and that "evidence, if any, that the defendant previously
participated in . . . transactions or acts against the child, [L.M.], other than but similar to that
which is charged in the indictment" was to be considered only "for the purpose of determining the
state of mind of the defendant and the child and the previous and subsequent relationship between
the defendant and the child." Under the circumstances, appellant's conviction for indecency with
a child by exposure cannot be sustained on the evidence of the 1991 incident.



ld also agree with appellant that he could not be convicted for both
aggravated sexual assault and indecency with a child by contact. See Ochoa, 982 S.W.2d at 907-08. But neither the evidence nor the charge was so limited. L.M. testified that appellant touched
her genitals with his fingers before penetrating her with his penis. The jury charge, tracking the
indictment, required the jury to find only that appellant touched L.M.'s genitals with the requisite
intent; the charge did not require a finding that appellant touched L.M. with his penis. Although
the two acts were committed in close temporal proximity, appellant's touching of L.M.'s genitals
with his fingers was a separate and distinct act from his penetration of her female sexual organ
with his penis. Because appellant has not shown that his conviction for indecency with a child by
contact was based on the same conduct underlying his conviction for aggravated sexual assault of
a child, his contention that these convictions constitute multiple punishments for the same offense
is without merit. As to these convictions, point of error two is overruled.


Charge error

In his third point of error, appellant contends the district court erred by instructing
the jury that the limitations period for aggravated sexual assault of a child was ten years. 
Appellant argues that the limitation period for this offense was in fact five years. This contention
and the argument supporting it were considered and rejected by this Court in Zinger v. State, 899
S.W.2d 423, 432-33 (Tex. App.--Austin 1995), rev'd on other grounds, 932 S.W.2d 511 (Tex.
Crim. App. 1996). Point of error three is overruled.

The district court rendered separate judgments on each count. The judgments of
conviction on counts one and three, aggravated sexual assault of a child and indecency with a child
by contact, are affirmed. The judgment of conviction on count five, indecency with a child by
exposure, is reversed and that cause is dismissed.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed in Part; Reversed and Dismissed in Part

Filed: April 29, 1999

Publish











* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. §