TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00079-CR






Juan Rivera, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0983550, HONORABLE THOMAS BLACKWELL, JUDGE PRESIDING







 A jury found Juan Rivera guilty of both aggravated sexual assault of a child and
indecency with a child by contact. The jury assessed sentence at ten years in prison for both
offenses, but recommended community supervision probation for the indecency count. The jury
also assessed fines of $2,000 and $1,000 for the respective offenses. Rivera requests that we
reverse his conviction for indecency with a child by contact and order an acquittal on double
jeopardy grounds. We will affirm the judgment.

 Rivera contends that the provision of the United States Constitution barring double
jeopardy prohibits two convictions for the same sexual encounter. U.S. Const. Amend V; see
also Hutchins v. State, 992 S.W.2d 629, 631 (Tex. App.--Austin 1999, pet. ref'd). He contends
that the offense of indecency by contact is included within the offense of aggravated sexual assault
of a child, and that his conviction for both offenses constitutes double jeopardy. When the same
act or transaction violates two different penal statutes, the two offenses are the same for double
jeopardy purposes if one of the offenses contains all the elements of the other; they are not the
same if each offense has a unique element. See Blockburger v. United States, 284 U.S. 299, 304,
(1932); see also Hutchins, 992 S.W.2d at 631. A person commits aggravated sexual assault of
a child by intentionally or knowingly either causing the penetration of the female sexual organ of
a child by any means or causing the child's sexual organ to contact the sexual organ of another
person. See Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (a)(1)(B)(iii), & (a)(2)(B) (West Supp.
1999). A person commits indecency with a child by contact by touching any part of the child's
genitals with the intent to arouse and gratify the sexual desire of any person. See Tex. Penal Code
Ann. § 21.11(a)(1) (West 1994).

 Whether a conviction for indecency by contact is a lesser-included offense of a
conviction for aggravated sexual assault depends on the nature of the conduct supporting both
offenses. In Ochoa, the court of criminal appeals upheld the vacation of indecency convictions
as lesser-included offenses of aggravated sexual assault convictions. Ochoa v. State, 982 S.W.2d
904, 907 (Tex. Crim. App. 1998). The evidence in that case was of penile penetration of the
child's vagina and anus. See id. at 906. In Hutchins, however, this Court held that indecency
by contact was not necessarily subsumed into aggravated sexual assault. See Hutchins, 992
S.W.2d at 633. In that case, the evidence showed that the assailant touched the victim's genitals
with his fingers before penetrating her vagina with his penis; even though these two forms of
contact occurred in the same sexual encounter, this Court held that the assailant's actions
supported separate convictions for the two offenses. Id.

 The evidence in this case supports separate convictions for the two offenses. 

 The aggravated sexual assault conviction is supported by evidence that Rivera
penetrated the twelve-year-old female's sexual organ with his penis. The penetration element does
not require entry into the vagina itself; the slightest penetration beyond the labia majora, or outer
lips or folds protecting the vaginal canal, meets the requirement. See Vernon v. State, 841
S.W.2d 407, 409 (Tex. Crim. App. 1992) (affirming implicit finding of penetration where victim
testified assailant touched only "outside"). A witness said she saw Rivera and the victim "doing
sexual intercourse" with Rivera's penis penetrating the victim's female sexual organ. Though the
victim testified that Rivera did not "go inside" her with his penis, the victim's testimony also
supports an inference of penetration; she testified that he lay on top of her with his penis rubbing
her female sexual organ, then held her on top of him while his penis rubbed her sexual organ. 

 The indecency by contact conviction is supported by the following testimony (1) that,
like Hutchins, Rivera touched his victim's vagina with his fingers:


Q. . . . [H]e didn't have his pants on, at least where his penis was concerned,
correct?


A. (Witness nodded head affirmatively.)


Q. You could actually feel that up against your female sexual organ?


A. (Witness nodded head affirmatively.)


Q. And you're nodding yes, okay. Did he that morning touch you with
anything besides his penis, did he ever touch you with his hands or
fingers?


A. (Witness nodded head affirmatively.)


Q. You're nodding yes. Did he touch you with his fingers that morning?


A. (Witness nodded head affirmatively.)



Though the victim did not testify explicitly that his fingers contacted her vagina, the jury could
infer that contact from the context of the questions. The jury could also infer from the context
of the contact that it was intended to satisfy sexual desires.

 As this Court held in Hutchins, sexual contact between fingers and another's sexual
organ is a separate offense from penetration by a penis, even when both offenses occur within the
same encounter. See Hutchins, 992 S.W.2d at 633.


Conclusion


 Having resolved the issue on appeal against Rivera, we affirm the judgment.



 
 

 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: November 4, 1999

Do Not Publish
1. In the following passage, the victim only nods her head affirmatively. She did at other
times shake her head negatively, and had begun her testimony actually speaking.



at case, the evidence showed that the assailant touched the victim's genitals
with his fingers before penetrating her vagina with his penis; even though these two forms of
contact occurred in the same sexual encounter, this Court held that the assailant's actions
supported separate convictions for the two offenses. Id.

 The evidence in this case supports separate convictions for the two offenses. 

 The aggravated sexual assault conviction is supported by evidence that Rivera
penetrated the twelve-year-old female's sexual organ with his penis. The penetration element does
not require entry into the vagina itself; the slightest penetration beyond the labia majora, or outer
lips or folds protecting the vaginal canal, m