TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00162-CR


NO. 03-03-00163-CR


NO. 03-03-00164-CR






Francisco Mendoza, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NOS. 992767, 992768 & 992781, HONORABLE JON N. WISSER, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



In local cause number 992767, a jury found appellant Francisco Mendoza guilty of
aggravated sexual assault of a child and two counts of indecency with a child by contact. In cause
number 992768, the jury found him guilty of aggravated sexual assault of a child and indecency with
a child by contact. In number 992781, the jury found him guilty of indecency with a child by
contact. Appellant's court-appointed attorney filed a brief concluding that the appeals are frivolous
and without merit. Anders v. California, 386 U.S. 738 (1967); see also Penson v. Ohio, 488 U.S.
75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684
(Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v.
State, 436 S.W.2d 137 (Tex. Crim. App. 1969).

Appellant exercised his right to examine the record and file a pro se brief. In one of
his two pro se points of error, he contends that his conviction on both count one (aggravated sexual
assault) and count two (indecency with a child by contact) in cause number 992767 constitutes
unconstitutional double punishment for the same offense. See Ochoa v. State, 982 S.W.2d 904, 907-08 (Tex. Crim. App. 1998); see also Hutchins v. State, 992 S.W.2d 629, 633 (Tex. Crim. App. 1999,
pet. ref'd, untimely filed). From our review of the record, we conclude that this is not a frivolous
contention and that we are required to remand the cause for briefing by counsel. See Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We express no opinion on the ultimate merits
of this issue.

The appeal is abated and the cause is remanded to the district court. That court is
ordered to promptly appoint substitute counsel to brief the double jeopardy issue identified above
and any other ground that counsel believes might support the appeal. Id. The substitute brief shall
be tendered for filing no later than July 30, 2004. The State will have thirty days to file a brief in
response. The cause will be returned to the Court's active docket when the briefs are filed.



 __________________________________________

 Bob Pemberton, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Filed: June 24, 2004

Do Not Publish