# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-03-00162-CR
NO. 03-03-00163-CR
NO. 03-03-00164-CR

**Francisco Mendoza, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NOS. 992767, 992768 & 992781, HONORABLE JON N. WISSER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Francisco Mendoza appeals judgments convicting him of aggravated sexual assault and indecency with a child by contact. *See* Tex. Pen. Code Ann. § 22.021(a)(1)(B), (2)(B) (West Supp. 2004-05), § 21.11(a)(1) (West 2003). He brings forward points of error challenging the legal and factual sufficiency of the evidence and asserting a double jeopardy violation.[1] The State concedes the double jeopardy point. We agree that there was a double jeopardy violation and reverse one of the indecency convictions. We affirm the other convictions.

---

[1] The attorney originally appointed to represent appellant on appeal filed a brief concluding that the appeals were frivolous and without merit. After reviewing the record and appellant's pro se brief, this Court abated the appeal and ordered the appointment of substitute counsel to brief the double jeopardy issue. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

## *Background*

The complainants were three sisters: Sarah, who was born on October 10, 1987, Marisa, born September 25, 1988, and Magdelena, born February 9, 1992. The girls are the daughters of Pearl R. Appellant was married to Pearl's sister, Marsha R. Magdelena lived with Marsha and appellant, and Sarah and Marisa often stayed with them.

Magdelena testified that on one occasion, appellant got on the bed with her as she was watching television and began to rub her "private part" through the jeans she was wearing. About a year later, appellant came into Magdelena's bedroom wearing a towel around his waist, removed her pants and underwear, and put his finger in her "private part." Magdelena described another incident on which appellant took off her shirt and touched her breasts. On a fourth occasion, appellant pushed Magdelena onto the sofa, removed her clothes, and "pushed his private part in mine."

Sarah testified that appellant once "tried to put his hand inside my panties." He stopped, however, at "the line of my panties, and that was it." On another occasion, Sarah was sleeping on the couch when appellant put his hand inside her shirt and touched her breasts. He then left the room, but he soon returned and "put his finger inside my private part."

Marisa described a single incident. She testified that appellant put his hand inside her underwear and touched her "private," that is, "between my legs."

As is common in cases involving young children, the testimony was unclear regarding the dates of the events described. The record establishes, however, that the events recounted by the

complainants occurred between 1995, when appellant first began living with Marsha R., and the spring of 1999, when the first outcry was made.

Magdelena told a friend what appellant had done to her. This friend told her mother, who reported it to child protective services and an investigation was begun. Pearl R. testified that when she first asked Magdelena if her accusations against appellant were true, she told her that they were not. Magdelena also denied the allegations during her first interview at the Child Advocacy Center. While driving home with Pearl following this interview, however, Magdelena began to cry. When they got home, Magdelena told her mother what appellant had done to her and added, "I wasn't the only one." When Pearl asked her other daughters if appellant had touched them improperly, they first denied it but then made their outcries. Pearl later took all three girls to the Child Advocacy Center where they made videotaped statements describing the abuse.

The complainants also described appellant's conduct to Dr. Beth Nauert, a pediatrician with expertise in child sexual abuse. Nauert testified that her physical examinations of the complainants neither confirmed nor disproved their allegations. Another State expert, psychologist William Carter, testified that it is common for children who are sexually abused to delay making their outcries or to even deny that the abuse took place. This is particularly true when the abuser is a family member.

In cause number 992767, the jury found that appellant sexually assaulted Sarah by intentionally or knowingly penetrating her sexual organ with his finger on or about May 1, 1999. The jury also found that appellant engaged in sexual contact with Sarah by touching her genitals on or about May 1, 1999, and by touching her genitals or her breast on or about January 15, 1999. The

3

jury assessed an eighty-year prison term for the aggravated sexual assault and fifteen-year terms for the acts of indecency.

In cause number 992768, the jury found that on or about March 28, 1998, appellant sexually assaulted Magdelena by penetrating her sexual organ with his sexual organ, or by penetrating her sexual organ with his finger, or by causing her sexual organ to contact his sexual organ. The jury also found that appellant engaged in sexual contact with Magdelena by touching her genitals or causing her to touch his genitals on or about March 28, 1998.[2] The jury assessed a ninety-year prison term for the aggravated sexual assault and a fifteen-year term for the indecency.

In cause number 992781, the jury found that appellant engaged in sexual contact with Marisa by touching her genitals on or about January 15, 1999. The jury assessed a fifteen-year prison term.

*Legal Sufficiency and Double Jeopardy*

Two of appellant's points of error relate only to his convictions in cause number 992767. He asserts that the evidence is legally insufficient to support the convictions for indecency with a child, and that the convictions for both aggravated sexual assault and indecency with a child constitute double punishment for the same offense.

Sarah testified that appellant on one occasion attempted to put his hands inside her panties. The State agrees that this conduct did not constitute either indecency with a child or sexual

---

[2] A third count, alleging indecency with a child by exposure, was not reached by the jury under the terms of the court's charge.

4

assault. Sarah testified that on another occasion, appellant put his hand inside her shirt and touched her breasts, then put his finger inside her sexual organ. The question presented by appellant's second and third points of error is whether this testimony can support convictions for one count of aggravated sexual assault and two counts of indecency with a child.

In count one, the State alleged that appellant penetrated Sarah's sexual organ with his finger. Appellant concedes that based on Sarah's testimony, a rational trier of fact could find all the elements of the offense alleged in count one beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (test for legal sufficiency); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (same).

In count two, the State alleged that appellant touched Sarah's genitals. The State concedes that the only genital touching proved was the touching incident to the penetration alleged in count one. Under the circumstances, the offense of indecency with a child by contact alleged in count two was included within the aggravated sexual assault alleged in count one. *See Ochoa v. State*, 982 S.W.2d 904, 907-08 (Tex. Crim. App. 1998). Appellant's conviction for indecency with a child based on the same conduct for which he was convicted of aggravated sexual assault constitutes multiple punishment for the same offense in violation of the Fifth Amendment guarantee against double jeopardy. *Patterson v. State*, 96 S.W.3d 427, 432 (Tex. App.—Austin 2002), *aff'd*, No. PD-0117-03, 2004 Tex. Crim. App. LEXIS 1832, at *11 (Tex. Crim. App. Nov. 10, 2004). The conviction on count two must be set aside. *Patterson*, 96 S.W.3d at 433. Point of error two is sustained.

In count three, the State alleged that appellant touched Sarah's genitals and also touched her breast. The jury returned a general verdict of guilty on this count. *See Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991). Sarah's testimony shows that the touching of her breast was a discrete act, separate and apart from the penetration alleged in count one. Thus, appellant's conviction on this count did not constitute a double jeopardy violation. *See Patterson*, 96 S.W.3d at 433-34; *Hutchins v. State*, 992 S.W.2d 629, 633 (Tex. App.—Austin 1999, pet. ref'd, untimely filed).

Appellant argues that the evidence is legally insufficient to support the conviction on count three because the State did not prove that he touched Sarah's breast on the date alleged. The indictment alleged that the offense occurred *on or about* January 15, 1999. Sarah's testimony supports a finding that this touching happened before the filing of the indictment and within the limitations period. *See Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); *see also* Tex. Code Crim. Proc. Ann. art. 12.01(5) (West Supp. 2004-05). Appellant's contention that the date was not adequately proved is without merit. Point of error three is overruled.

### *Factual Sufficiency*

Appellant's remaining point of error is that the evidence is factually insufficient to support the jury's verdicts. In a factual sufficiency review, all the evidence is considered equally to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004); *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Although deference must be

6

accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The evidence will be deemed factually insufficient if the proof of guilt is too weak or the contrary evidence is too strong to support a finding of guilt beyond a reasonable doubt. *Zuniga*, 144 S.W.3d at 484-85; *see Johnson*, 23 S.W.3d at 11.

Appellant's argument is, in essence, a challenge to the credibility of the three complainants. He notes that all three girls initially told their mother that no improper conduct took place. He also points to the lack of physical evidence of abuse, to the complainants' inability to describe more than a few of what they said were many incidents of abuse, and to the inconsistencies between the complainants' trial testimony and their outcry statements to their mother.

The jury is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony, and may accept or reject all or any part of the evidence. Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *see Bonham v.* State, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984); *Castellano v. State*, 810 S.W.2d 800, 807 (Tex. App.—Austin 1991, no pet.). When conducting a factual sufficiency review, we must maintain appropriate deference to the jury's verdict by finding error only when the record clearly indicates that the verdict is wrong and manifestly unjust. *Johnson*, 23 S.W.3d at 9. A decision is not manifestly unjust simply because the fact-finder resolved conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.—Austin 1999, pet. ref'd). We hold that the evidence is factually sufficient to sustain the findings of guilt beyond a reasonable doubt. Point of error one is overruled.

7

### *Conclusion*

The judgment of conviction on count two in cause number 992767 is reversed and that count is dismissed. The judgments of conviction on counts one and three in cause number 992767 and in cause numbers 992768 and 992781 are affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed in Part; Reversed and Dismissed in Part

Filed:   January 27, 2005

Do Not Publish