# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-03-00490-CR

---

**Randy Reece, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 2011766, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

A jury found appellant Randy Reece guilty of aggravated assault and aggravated assault on a public servant. *See* Tex. Pen. Code Ann. § 22.02(a), (b)(2) (West Supp. 2004). For these offenses, the jury assessed prison terms of fifteen and twenty years, respectively. Because appellant was convicted twice for the same offense, we will reverse the aggravated assault conviction. We will overrule appellant's contention that his trial counsel was ineffective and affirm the conviction for aggravated assault on a public servant.

The double jeopardy issue is raised by appellant's second point of error. Count one of the indictment alleged that appellant caused serious bodily injury to a person appellant knew was a public servant lawfully discharging an official duty. Count three alleged the same assault without the public servant allegation. The State concedes that the offense alleged in count three is included

within the offense alleged in count one, and that appellant's conviction on both counts violated the double jeopardy guarantee against multiple punishments for the same offense. *See Hutchins v. State*, 992 S.W.2d 629, 631 (Tex. App.—Austin 1999, pet. ref'd, untimely filed). Point of error two is sustained.

The proper remedy when a defendant is convicted of two offenses that are the same for double jeopardy purposes is to uphold the conviction for the offense carrying the most serious punishment and set aside the other. *Landers v. State*, 957 S.W.2d 558, 560 (Tex. Crim. App. 1997); *Hutchins*, 992 S.W.2d at 632. Appellant urges that we not apply the *Landers* rule. He argues for an exception when the lesser offense is, as a matter of statutory definition, always included within the greater (as distinguished from cases in which the greater/lesser relationship depends on the particular facts). We find no basis in *Landers* for this proposed exception. In fact, *Landers* expressly states that the "most serious punishment" rule "will apply to all cases in which a double jeopardy violation arises from the prosecution and conviction, in a single criminal action, of two or more offenses that constitute the same offense." In accord with *Landers*, we will set aside appellant's conviction for aggravated assault, for which the lesser punishment was assessed.

In point of error one, appellant contends that he was denied effective assistance of trial counsel because his attorneys did not inform him of a two-year plea-bargain offer from the prosecutor. *See Hanzelka v. State*, 682 S.W.2d 385, 387 (Tex. App.—Austin 1984, no pet.). Appellant relies on evidence adduced at the hearing on his amended motion for new trial, in which he first raised the issue. The amended motion for new trial was filed sixty-seven days after sentence was imposed. The motion was untimely; an amended motion for new trial must be filed within thirty

2

days of sentencing. Tex. R. App. P. 21.4(b); *Flores v. State*, 18 S.W.3d 796, 798 (Tex. App.—Austin 2000, no pet.). Evidence adduced at a hearing on an untimely amended motion for new trial may not be considered on appeal. *Licon v. State*, 99 S.W.3d 918, 926-27 (Tex. App.—El Paso 2003, no pet.); *Groh v. State*, 725 S.W.2d 282, 285 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd).

Even if we consider the hearing record, there is no merit to appellant's contention. At the hearing, the prosecutor was asked if there had been a two-year plea bargain offer. She replied, "I believe that there was." She added, however, "I can't state with 100 percent certainty that there was a two-year offer made. That's my recollection. I have reviewed my files and I don't find any documentation to that effect, which normally I would do that but not all [the] time." Appellant's lead counsel testified that he did not recall a two-year offer, adding that he would have made a written record if such an offer had been made. Appellant's other trial attorney testified that he recalled a ten-year offer and that there may have been a five-year offer, but he did not remember a two-year offer.

The grant or denial of a motion for new trial lies within the discretion of the trial court, which is the trier of fact at any hearing on the motion. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). Viewing the testimony below in the light most favorable to the court's ruling, it was not an abuse of discretion for the court to find that no two-year plea-bargain offer was made. If the offer was not made, there is no basis for concluding that counsel was ineffective. Point of error one is overruled.

3

The district court prepared separate judgments for each count. The judgment convicting appellant on count one for aggravated assault on a public servant is affirmed. The judgment convicting appellant on count three for aggravated assault is reversed and that count is dismissed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed in Part; Reversed and Dismissed in Part

Filed: July 29, 2004

Do Not Publish