# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00585-CR

**Robert Lee Coggin, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT
NO. 2003-011, HONORABLE DON B. MORGAN, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury convicted Robert Lee Coggin of evading arrest or detention, and he was sentenced to two years in state jail and fined $10,000. *See* Tex. Pen. Code Ann. § 38.04 (West 2003). Imposition of sentence was suspended, and Coggin was placed on community supervision for two years. Coggin challenges his conviction in six points of error, contending that the evidence was insufficient to support the conviction, he was denied his right to a speedy trial, his prosecution constituted a double jeopardy violation, the evading statute is facially unconstitutional, and the State engaged in prosecutorial misconduct. We affirm the conviction.

**BACKGROUND**

Coggin was convicted of evading arrest after he fled from a Lockhart Police officer in his car. At approximately 2:00 a.m. on March 6, 2002, Lockhart Police Officer Richard Torres passed Coggin's white Chevy Caprice[1] traveling in the opposite direction on a residential street. Torres noticed that the car had a spotlight that was shining on certain houses. He found this suspicious and turned around in order to stop Coggin's car. Torres testified that, after he turned around, he could not immediately see the car. When he was able to see brake lights in the distance, Torres activated his emergency lights and siren and pursued the car at a high rate of speed. He chased the car for a little over one minute. By the time Torres was able to catch up, the car had pulled into the garage of a nearby house and the garage door was closing. Torres ran to the garage but was unable to reach it before it closed. He then went to the front door of the house and began knocking. A woman carrying a baby unlocked the door, and Torres pushed it open with gun drawn. Seeing Coggin inside, Torres demanded he come out. Within seconds, another officer arrived and Torres entered the house, tackled Coggin, and placed him under arrest.

Coggin was later informed by a magistrate that he was charged with resisting arrest and evading arrest arising out of this incident. Coggin was tried and acquitted of resisting arrest in July 2003. In February 2005, a separate jury convicted Coggin of evading arrest, and this appeal follows.

---

[1] Coggin had purchased this used police car at auction.

**DISCUSSION**

**Sufficiency of the Evidence**

In Coggin's fifth point of error, he contends that there was insufficient evidence that he intentionally fled from Torres and that Torres's attempt to detain him was lawful. *See id.* § 38.04(a). Because Coggin does not specify whether he is challenging legal or factual sufficiency, we will examine the issue under both standards.

When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (legal sufficiency); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (legal sufficiency); *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004) (factual sufficiency). In a legal sufficiency review, all the evidence is reviewed in the light most favorable to the verdict; it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Griffin*, 614 S.W.2d at 159 (citing *Jackson*, 443 U.S. at 318-19). In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Although due deference still must be accorded the fact-finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The evidence will be deemed factually insufficient to sustain the conviction if the evidence of guilt, considered alone, is too weak

3

to support a finding of guilt beyond a reasonable doubt, or if the strength of the contrary evidence precludes a finding of guilt beyond a reasonable doubt. *Zuniga*, 144 S.W.3d at 484-85. In conducting a legal or factual sufficiency review, we consider all the evidence, rightly or wrongly admitted. *See Camarillo v. State*, 82 S.W.3d 529, 537 (Tex. App.—Austin 2002, no pet.).

First, Coggin contends that there is insufficient evidence that he "intentionally fled" from Torres as required by the statute. *See* Tex. Pen. Code Ann. § 38.04(a). He essentially argues that it cannot be a crime for a person to go to his own home. Viewing the evidence in the light most favorable to the verdict, Torres testified that, after passing his marked police car, Coggin turned off his headlights and traveled home at a high rate of speed. Coggin's initial flight was not evading under the statute because Torres had not yet attempted to detain him. However, Torres testified that Coggin would have been able to see his emergency lights and hear the siren during the chase. On this record, a jury could have found beyond a reasonable doubt that Coggin intentionally fled from Torres's attempt to detain him. *See Jackson*, 443 U.S. at 324; *Griffin*, 614 S.W.2d at 158-59. Considering the evidence neutrally, we acknowledge that Coggin testified that he did not turn off his headlights, see Torres's emergency lights or hear the siren. However, this account was contradicted by a prior statement made to City Councilman James Bertram, which was, in turn, contradicted by other witnesses. When considering the factual sufficiency of the evidence, we give deference to the jury's determination of credibility. *See Johnson*, 23 S.W.3d at 9. We find that the jury's decision to believe Torres over Coggin did not create a manifest injustice. *See id*. Accordingly, we hold that the evidence was factually sufficient to establish that Coggin intentionally fled Torres's attempt to detain him.

4

Coggin also argues that Torres lacked reasonable suspicion to detain him, and therefore, the evidence was insufficient to show that he fled a "lawful" detention. *See* Tex. Pen. Code Ann. § 38.04(a). Regardless of whether Coggin's actions at the time he first encountered Torres constituted reasonable suspicion, Torres testified that he immediately thereafter observed Coggin driving at night without his headlights on. This was a violation of the transportation code. *See* Tex. Transp. Code Ann. § 547.302 (West 1999). Deferring to the jury's determination of credibility, we find that Torres had a sufficient basis to lawfully detain Coggin to investigate his violation of the traffic laws. We overrule Coggin's fifth point of error.

**Constitutionality of the Statute**

In his first point of error, Coggin contends that the evading statute is unconstitutionally vague and overbroad. Coggin points to the fact that he was prosecuted for both evading arrest and resisting arrest, but only convicted of evading. He contends that this shows that the statute "encourages arbitrary and erratic arrests and convictions." *See Coggin v. State*, 123 S.W.3d 82, 87 (Tex. App.—Austin 2003, pet. ref'd). He also argues that the statute is confusing because the "lawfulness of the arrest" is relevant only to evading and not to resisting arrest.

A person is guilty of evading if he "intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him." Tex. Pen. Code Ann. § 38.04(a). Coggin does not cite any term in the statute that he finds unclear. In fact, we find that the statute is limited in nature and uses terms that are well-defined in the law. Accordingly, we hold that the evading statute gives a person of ordinary intelligence fair warning of the prohibited act. *See Coggin*, 123 S.W.3d

5

at 87 (citing *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)). Nor does the prior prosecution of Coggin for resisting arrest show that he was subject to arbitrary and erratic arrests and convictions. *See id*. In this case, Coggin was prosecuted and convicted for fleeing in his car from Torres's lawful attempt to detain him. *See* Tex. Pen. Code Ann. § 38.04(a), (b)(1). The fact that Coggin was also prosecuted and acquitted under a different statute for his separate conduct in the officer's subsequent efforts to handcuff him is irrelevant to the constitutionality of the evading statute. We overrule Coggin's first point of error.

**Speedy Trial**

In his second and fourth points of error, Coggin contends that he was denied his constitutional right to a speedy trial. We determine speedy trial claims under the standard set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), considering the following factors:

(1) whether delay before trial was uncommonly long;

(2) whether the government or the criminal defendant is more to blame for that delay;

(3) whether, in due course, the defendant asserted his right to a speedy trial; and

(4) whether the defendant suffered prejudice as the delay's result.

*Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002) (quoting *Doggett v. United States*, 505 U.S. 647, 651 (1992)).

Coggin was indicted on January 8, 2003, and trial was set for July 28. A week before trial, Coggin filed a pretrial petition for a writ of habeas corpus. When his petition was denied,

6

Coggin appealed, and the case was then reset until October 6, 2003. While Coggin's appeal was still pending, the case was again reset on an agreed motion until March 8, 2004.[2] Coggin asserted his right to speedy trial for the first time through a motion to dismiss filed on February 18, 2004. Further delay was then caused when the case was assigned to Judge Todd Blumerth. Judge Blumerth, who had previously served as city attorney, recused himself because he had prosecuted Coggin on other charges. The case was passed until it could be heard by a visiting judge in July 2004.

Here, we agree that the first and third factors favor Coggin. There was a substantial delay in bringing the case to trial, and Coggin clearly asserted his right to a speedy trial. However, the delay was not caused by the State as required by the second factor. The trial was initially delayed due to Coggin's own litigation strategy. The case was further postponed an additional six months until it could be set before a visiting judge. Assistant district attorney Whitney S. Wiedeman testified at trial that the State had announced ready at every setting. Thus, the second factor does not weigh toward a constitutional violation.

With regard to the fourth factor of prejudice, Coggin has not even asserted that he was prejudiced by the delay. He was not incarcerated pending trial, and, most importantly, the record does not suggest any impairment in Coggin's ability to present a defense. *See Barker*, 407 U.S. at 530. Balancing these four factors, we find it significant that Coggin created a substantial portion of the delay through his own interlocutory appeal. In the absence of any claimed prejudice, we hold

---

[2] Coggin withdrew his appeal in November 2003. *See Ex parte Coggin*, No. 03-03-453-CR, 2003 Tex. App. LEXIS 9581 (Tex. App.—Austin Nov. 13, 2003, no pet.).

that Coggin was not deprived of his constitutional right to a speedy trial. *See id.* We overrule Coggin's second and fourth points of error.

**Double Jeopardy**

In his third point of error, Coggin contends that, because he was acquitted of resisting arrest arising out of his encounter with Torres, his prosecution for evading arrest violated the Double Jeopardy Clause of the United States Constitution. However, "Fifth Amendment jeopardy questions must be resolved by application of the *Blockburger* test, which compares elements of offenses—not conduct." *Ortega v. State*, 171 S.W.3d 895, 899 (Tex. Crim. App. 2005). "When the same act or transaction violates two different penal statutes, the two offenses are the same for double jeopardy purposes if one of the offenses contains all the elements of the other; they are not the same if each offense has a unique element." *Hutchins v. State*, 992 S.W.2d 629, 631 (Tex. App.—Austin 1999, pet. ref'd untimely filed); *see also Blockburger v. United States*, 284 U.S. 299, 304 (1932). Examining the statutes in question, we note that the evading statute requires the peace officer's attempt to arrest or detain be lawful. *See* Tex. Pen. Code Ann. § 38.04(a). There is no such element for the offense of resisting arrest. *See id*. § 38.03(a) (West 2003). Furthermore, the resisting arrest statute requires that a person have used force against a peace officer. *See id*. Force is not an element of the evading offense. *See id*. § 38.04(a). Because the two offenses contain unique elements, we hold that Coggin's prosecution for evading arrest, after his acquittal for resisting arrest, did not violate his constitutional rights under the Double Jeopardy Clause. *See Blockburger*, 284 U.S. at 304; *Hutchins*, 992 S.W.2d at 631. We overrule Coggin's third point of error.

**Prosecutorial Misconduct**

In his sixth point of error, Coggin asserts that his conviction was the result of prosecutorial misconduct. Although Coggin devotes the majority of his brief to a discussion of the law on prosecutorial misconduct generally, he includes only a single paragraph actually discussing his specific claims. There, he contends that the State engaged in improper argument, that the State improperly signaled to the jury, and that communications between the prosecution team and attorneys representing the City of Lockhart in a civil matter brought by Coggin represented an improper conflict of interest. Coggin refers to his motion for new trial and the attached affidavit in support of his claims.[3]

In his affidavit, Coggin complains that aspects of the State's closing argument improperly placed the burden of proof on the defendant. Coggin objected to the following argument by the State:

> The burden is on the State. It's not on the Defense. But once they start doing things, if they got something that would show . . . [interrupted by objection] Don't you think that you would see that there was evidence that would completely exonerate [interrupted by objection]

---

[3] Coggin's reliance on an affidavit in the clerk's record to detail his claims of prosecutorial misconduct is inappropriate. This practice renders his claim both confusing and in conflict with the rules of appellate procedure. *See* Tex. R. App. P. 38; *Guerrero v. Tarrant County Mortician Servs. Co.*, 977 S.W.2d 829, 832-33 (Tex. App.—Fort Worth 1998, pet. denied) (permitting incorporation by reference of arguments made in summary judgment motion "would be an open door for parties to circumvent the appellate brief page limits"). However, in the interest of justice, we will review the record and consider Coggin's claims.

Coggin's objection to the argument was sustained, and the jury was instructed to disregard the objectionable statement.

To preserve error relating to improper jury argument, a defendant must object and obtain an adverse ruling. *See Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Here, Coggin's objection was sustained, and the district court granted Coggin's request for an instruction to disregard. Coggin did not request a mistrial. *See Mathis v. State*, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002) (request for mistrial required to preserve error that could not be cured by instruction). Accordingly, Coggin has failed to preserve any error in the State's argument.

Coggin also complains in his affidavit that assistant district attorney Melinda O'Neil made eye contact with jurors and made faces whenever defense counsel addressed the court. Coggin did not object to O'Neil's behavior at trial, and there is nothing in the record that confirms Coggin's allegation. Moreover, no hearing was held on Coggin's motion for new trial. This scant record is insufficient to establish Coggin's claim. *Cf. Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999) (record on direct appeal inadequate to support claim of ineffective assistance of counsel).

Finally, Coggin claims that communications between the district attorney's office and an attorney defending the City of Lockhart in Coggin's civil lawsuit created a "conflict." However, Coggin has provided no authority demonstrating that the prosecution team's consultation with lawyers representing the city was improper or in any way violated his constitutional rights. Moreover, assistant district attorney Wiedeman testified that his only interest was in prosecuting the

10

evading arrest charge and that the two lawsuits "don't really have much relationship to each other." We overrule Coggin's sixth point of error.

## CONCLUSION

Having overruled all of Coggin's points of error, we affirm the judgment of conviction.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed: May 12, 2006

Do Not Publish

11