COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-462-CR

 

 

MATTHEW MICHAEL SESCO                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM COUNTY CRIMINAL
COURT NO. 9 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Matthew Michael Sesco appeals his
conviction for resisting arrest.  We
affirm. 








Appellant was charged in a two count misdemeanor
information with evading arrest and resisting arrest.  A jury found him not guilty of the former and
guilty of the latter.  In his first
point, appellant claims that the evidence is legally and factually insufficient
to support his conviction for resisting arrest because the jury=s
acquitting him of evading necessarily meant that it found that there was no
probable cause for his arrest.  Absent
probable cause, he argues, the arrest was unlawful and, because the State
failed to prove that the arrest was lawful, it failed to prove an essential
element of the offense.

Section 38.03 of the penal code provides that a
person commits the offense of resisting arrest when he intentionally prevents
or obstructs a person he knows is a peace officer from effecting his arrest by
using force against the peace officer.[2]  Subsection (b) provides that it is no defense
to prosecution that the arrest was unlawful.[3]  Thus, contrary to appellant=s
assertion, lawfulness of the arrest is not an essential element of the
offense.  Therefore, appellant=s
argument that the evidence is insufficient because there is no evidence that
the arrest was lawful is without merit. 
We overrule point one.

In his second point, appellant claims that his
conviction for resisting arrest was jeopardy barred by the jury=s
acquittal of the evading arrest charge, because the acquittal necessarily meant
that the jury found that the arrest was without probable cause and therefore
unlawful.








AFifth Amendment jeopardy
questions must be resolved by application of the Blockburger test, which
compares elements of offensesCnot
conduct.@[4] AWhen the
same act or transaction violates two different penal statutes, the two offenses
are the same for double jeopardy purposes if one of the offenses contains all
the elements of the other; they are not the same if each offense has a unique
element.@[5]








As discussed above, Texas Penal Code section
38.03 provides that a person commits the offense of resisting arrest when he
intentionally prevents or obstructs a person he knows is a peace officer from
effecting his arrest by using force against the peace officer.[6]  It is no defense to prosecution for resisting
arrest that the arrest was unlawful.[7]  Section 38.04, on the other hand, provides
that a person commits the offense of evading arrest if he intentionally flees
from a person he knows is a peace officer attempting lawfully to arrest or
detain him.[8]  Thus, the evading arrest statute contains an
elementClawfulness
of the arrestCthat the resisting arrest
statute does not.  The resisting arrest
statute also requires that a person have used force against a peace officer,
whereas force is not an element of evading arrest.[9]

Because the two offenses contain unique elements,
we hold that appellant=s conviction for resisting
arrest is not jeopardy barred by his acquittal for evading arrest.[10]  We overrule appellant=s second
point.

Having overruled each of appellant=s
points, we affirm the judgment of the trial court.

PER CURIAM

 

PANEL:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  May 21, 2009











[1]See Tex. R. App. P. 47.4.





[2]Tex. Penal Code Ann. ' 38.03(a) (Vernon 2003).





[3]Id. ' 38.03(b).





[4]Ortega v. State, 171 S.W.3d 895, 899
(Tex. Crim. App. 2005); see Blockburger v. United States, 284 U.S. 299,
304, 52 S. Ct. 180, 182 (1932).





[5]Hutchins v. State, 992 S.W.2d 629, 631
(Tex. App.CAustin 1999, pet. ref'd
untimely filed); see also Blockburger, 284 U.S. at 304, 52 S. Ct. at
182.





[6]Tex. Penal Code Ann. ' 38.03(a).





[7]Id. ' 38.03(b).





[8]Id. ' 38.04(a).





[9]Compare id. '' 38.03(a) and 38.04(a).





[10]See Blockburger, 284 U.S. at 304, 52 S.
Ct. at 182; Hutchins, 992 S.W.2d at 631.