

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

### NO. 2-07-462-CR

---

MATTHEW MICHAEL SESCO          APPELLANT

V.

THE STATE OF TEXAS          STATE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Matthew Michael Sesco appeals his conviction for resisting arrest. We affirm.

Appellant was charged in a two count misdemeanor information with evading arrest and resisting arrest. A jury found him not guilty of the former and guilty of the latter. In his first point, appellant claims that the evidence is

---

[1] *See* Tex. R. App. P. 47.4.

legally and factually insufficient to support his conviction for resisting arrest because the jury's acquitting him of evading necessarily meant that it found that there was no probable cause for his arrest. Absent probable cause, he argues, the arrest was unlawful and, because the State failed to prove that the arrest was lawful, it failed to prove an essential element of the offense.

Section 38.03 of the penal code provides that a person commits the offense of resisting arrest when he intentionally prevents or obstructs a person he knows is a peace officer from effecting his arrest by using force against the peace officer.[2] Subsection (b) provides that it is no defense to prosecution that the arrest was unlawful.[3] Thus, contrary to appellant's assertion, lawfulness of the arrest is not an essential element of the offense. Therefore, appellant's argument that the evidence is insufficient because there is no evidence that the arrest was lawful is without merit. We overrule point one.

In his second point, appellant claims that his conviction for resisting arrest was jeopardy barred by the jury's acquittal of the evading arrest charge, because the acquittal necessarily meant that the jury found that the arrest was without probable cause and therefore unlawful.

---

[2] Tex. Penal Code Ann. § 38.03(a) (Vernon 2003).

[3] *Id.* § 38.03(b).

2

"Fifth Amendment jeopardy questions must be resolved by application of the *Blockburger* test, which compares elements of offenses — not conduct."[4] "When the same act or transaction violates two different penal statutes, the two offenses are the same for double jeopardy purposes if one of the offenses contains all the elements of the other; they are not the same if each offense has a unique element."[5]

As discussed above, Texas Penal Code section 38.03 provides that a person commits the offense of resisting arrest when he intentionally prevents or obstructs a person he knows is a peace officer from effecting his arrest by using force against the peace officer.[6] It is no defense to prosecution for resisting arrest that the arrest was unlawful.[7] Section 38.04, on the other hand, provides that a person commits the offense of evading arrest if he intentionally flees from a person he knows is a peace officer attempting lawfully

---

[4] *Ortega v. State,* 171 S.W.3d 895, 899 (Tex. Crim. App. 2005); *see Blockburger v. United States,* 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932).

[5] *Hutchins v. State,* 992 S.W.2d 629, 631 (Tex. App. — Austin 1999, pet. ref'd untimely filed); *see also Blockburger,* 284 U.S. at 304, 52 S. Ct. at 182.

[6] Tex. Penal Code Ann. § 38.03(a).

[7] *Id.* § 38.03(b).

to arrest or detain him.[8]  Thus, the evading arrest statute contains an element—lawfulness of the arrest—that the resisting arrest statute does not. The resisting arrest statute also requires that a person have used force against a peace officer, whereas force is not an element of evading arrest.[9]

Because the two offenses contain unique elements, we hold that appellant's conviction for resisting arrest is not jeopardy barred by his acquittal for evading arrest.[10]  We overrule appellant's second point.

Having overruled each of appellant's points, we affirm the judgment of the trial court.

PER CURIAM

PANEL:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 21, 2009

---

[8] *Id.* § 38.04(a).

[9] *Compare id*. §§ 38.03(a) *and* 38.04(a).

[10] *See Blockburger,* 284 U.S. at 304, 52 S. Ct. at 182; *Hutchins,* 992 S.W.2d at 631.