Valdez v. SOT















NUMBER 13-02-00246-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

JOSE LUIS VALDEZ 
A/K/A JOSE LUIS VALDEZ PEREZ,                                            Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 389th District Court of Hidalgo County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Justices Hinojosa, Rodriguez, and Garza
Memorandum Opinion by Justice Hinojosa

          Appellant, Jose Luis Valdez, was charged by indictment with aggravated sexual
assault of a child younger than fourteen years of age


 and indecency with a child younger
than seventeen years of age.


 The jury found appellant “not guilty” of the aggravated
sexual assault count, but “guilty” of the indecency with a child count. After finding the
enhancement paragraphs to be true, the jury assessed appellant’s punishment at forty-five
years imprisonment. The trial court has certified that this “is not a plea-bargain case, and
the defendant has the right to appeal.” See Tex. R. App. P. 25.2(a)(2). In three issues,
appellant contends: (1) he was denied effective assistance of counsel during trial; (2) the
trial court erred by not allowing him to cross-examine the victim regarding a prior allegation
of sexual abuse that she had made against another man; and (3) the State failed to prove
that he engaged in sexual contact with the child. We affirm.
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of our decision and the
basic reasons for it. See Tex. R. App. P. 47.4. 
A. Ineffective Assistance of Counsel
          In his first issue, appellant contends he received ineffective assistance of counsel
because trial counsel failed to file a motion to force the State to elect between the two acts
of sexual contact that arose out of the same transaction, but were alleged in the indictment
in two different manners: (1) aggravated sexual assault of a child by digital penetration, and
(2) indecency with a child by contact.
          Our review of counsel's performance must be highly deferential. Strickland v.
Washington, 466 U.S. 668, 689 (1984). We adhere to the United States Supreme Court’s
two-pronged Strickland test to determine whether counsel’s representation was so
inadequate that it violated a defendant’s Sixth Amendment right to counsel. Id. at 687-88;
Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986); Munoz v. State, 24 S.W.3d
427, 433 (Tex. App.—Corpus Christi 2000, no pet.). First, the appellant must show that
counsel’s performance was deficient, in other words, that his assistance fell below an
objective standard of reasonableness. Hernandez, 726 S.W.2d at 55. The deficiency must
be of the extent that counsel failed to function as counsel. Yates v. State, 917 S.W.2d
915, 920 (Tex. App.— Corpus Christi 1996, pet. ref’d). Secondly, the appellant must prove
that "the deficient performance prejudiced the defense" by "a reasonable probability that,
but for counsel's errors, the result of the proceeding would have been different.” Munoz,
24 S.W.3d at 433. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Strickland, 466 U.S. at 693; Hernandez, 726 S.W.2d at 55. 
“Failure to make the required showing of either deficient performance or sufficient prejudice
defeats the ineffectiveness claim.” Strickland, 466 U.S. at 700.
          The assessment of whether an appellant received effective counsel is made
according to the facts of each case. Ex Parte Scott, 581 S.W.2d 181, 185 (Tex. Crim. App.
1979). Appellant bears the burden of proving by a preponderance of the evidence that
counsel was ineffective. Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). 
The appellant must overcome a strong presumption that counsel’s performance fell within
the wide range of reasonable professional assistance. Tijerina v. State, 921 S.W.2d 287,
289 (Tex. App.—Corpus Christi 1996, no pet.); see Thompson v. State, 9 S.W.3d 808,
812-14 (Tex. Crim. App. 1999). “Any allegation of ineffectiveness must be firmly founded
in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.” 
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).    In the absence of
evidence of counsel’s reasons for the challenged conduct, an appellate court will assume
a strategic motivation and will not conclude that the conduct was deficient unless the
conduct was so outrageous that no competent attorney would have engaged in it. Garcia
v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); Thompson, 9 S.W.3d at 814. 
          Appellant argues that his trial counsel erred in not requiring the State to elect
between the two acts of sexual contact that arose out of the same transaction, but were
alleged in the indictment in two different manners: (1) aggravated sexual assault of a child
by digital penetration, and (2) indecency with a child by contact. A person commits the
offense of aggravated sexual assault of a child if the person intentionally or knowingly
causes the penetration of the female sexual organ of a child younger than fourteen years
of age by any means. See Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i) (Vernon 2003). A
person commits the offense of indecency with a child if the person engages in sexual
contact with a child younger than seventeen years of age who is not the person’s spouse. 
See Tex. Pen. Code Ann. §21.11 (Vernon 2003).
          The Texas Court of Criminal Appeals has held that indecency with a child can be
a lesser included offense of aggravated sexual assault. Ochoa v. State, 982 S.W.2d 904,
907-12 (Tex. Crim. App. 1998). Whether indecency with a child is a lesser included
offense of aggravated sexual assault depends on the facts of each case. DeMoss v. State,
12 S.W.3d 553, 560 (Tex. App.–San Antonio 1999, pet. ref’d). If the “evidence reveals that
the defendant committed separate criminal acts during the same occurrence that would
support the conviction of each offense” then the offense would not be an offense and a
lesser-included offense, but rather two separate offenses. Id. A charge on the lesser-included offense of indecency with a child is required if the evidence at trial raises the issue
that appellant intended to arouse and gratify his sexual desire while in the course of
committing the alleged penetration of the victim. Ochoa, 982 S.W.2d at 908. 
          We find the case of Hutchins v. State, 992 S.W.2d 629, 631-33 (Tex. App.–Austin
1999, pet. ref’d), to be instructive regarding what constitutes two separate and distinct acts
of sexual conduct. In Hutchins, the appellant was charged with both aggravated sexual
assault and indecency with a child. Id. Hutchins first touched the complainant’s sexual
organ with his fingers and then penetrated her sexual organ with his penis. Id. at 631. The
Austin Court of Appeals found that these were two separate acts. Therefore, Hutchins
could be charged with both aggravated sexual assault and indecency with a child. Id. at
633. However, the court stated that the outcome would have been different if the only
evidence of touching had been with Hutchins’ penis in the process of the penetration of the
victim’s sexual organ. Id. In other words, if the touching of a victim’s genitals is incidental
to the penetration of the sexual organ, then indecency with a child is considered a lesser
included offense of aggravated sexual assault.
          In the instant case, appellant’s touching of the victim’s genital area occurred within
the process of the alleged digital penetration of the victim’s vagina. This is not a case of
two separate and distinct acts, e.g., the touching of the breast and the penetration of the
female sexual organ by the male sexual organ, but instead conduct occurring within the
same transaction. Thus, we conclude that appellant committed one act that could be
subject to two different interpretations. Accordingly, appellant could have been charged
with either aggravated sexual assault or indecency with a child, but not both. Either the
jury could conclude penetration actually occurred and convict appellant of aggravated
sexual assault, or it could conclude that only contact occurred with intent to arouse and
gratify sexual desire and convict appellant of the lesser offense of indecency with a child. 
Id.
          When the evidence at trial indicates that only one actual offense was committed and
the other charged offense was a lesser-included offense of the first, the State is required
to either (1) elect between the two charged offenses, or (2) submit a jury charge on the
second as a lesser-included offense. Ochoa, 982 S.W.2d at 908. Thus, if a motion for
election had been filed, the State would have been forced to elect between the alleged
offenses of aggravated sexual assault and indecency with a child; or submit a jury charge
reflecting that under the facts of this case, indecency with a child is a lesser-included
offense of aggravated sexual assault.
          We begin our analysis with a rebuttable presumption that counsel is better
positioned than the appellate court to judge the pragmatism of the particular case and that
counsel made all significant decisions in the exercise of reasonable professional judgment. 
Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). The presumption may be
rebutted by evidence of counsel’s reasoning or lack thereof. See Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). The record in this case is silent as to the
reasons for trial counsel’s decision not to file a motion for election. Thus, we have nothing
before us from which to determine why counsel did not file a motion for election.
          In the absence of evidence of counsel’s reasons for the challenged conduct, the
appellate court will assume a strategic motivation and will not conclude that the conduct
was deficient unless the conduct was so outrageous that no competent attorney would
have engaged in it. Garcia, 57 S.W.3d at 440; Thompson, 9 S.W.3d at 814; see Aldrich
v. State, 104 S.W.3d 890, 896 (Tex. Crim. App. 2003) (“Appellate courts can rarely decide
the issue of unreasonable performance because the appellate record rarely speaks to the
strategic reasons that counsel may have considered.”).
          Appellant’s complaint that he received ineffective assistance of counsel is not firmly
founded in the record, and the record does not affirmatively demonstrate the alleged
ineffectiveness. Accordingly, we hold appellant has not sustained his burden of proving
his claim of ineffective assistance of counsel by a preponderance of the evidence.


 We
overrule appellant’s first issue.
B. Cross-Examination of Victim
          In his second issue, appellant contends the trial court abused its discretion by not
allowing him to cross-examine the victim regarding a prior allegation of sexual abuse that
she had made against another man. We review a trial court’s decision to admit or exclude
evidence under an abuse-of- discretion standard. Green v. State, 934 S.W.2d 92, 101-02
(Tex. Crim. App. 1996). An appellate court will not reverse a trial court’s ruling unless that
ruling falls outside the zone of reasonable disagreement. Id. Absent an abuse of
discretion, we do not disturb a trial court’s ruling on the admissibility of evidence. See
Wyatt v. State, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000).
          The Sixth Amendment guarantees a criminal defendant the right to be confronted
by the witnesses against him. See U.S. Const. Amend. VI. The Confrontation Clause is
made applicable to the States by the Fourteenth Amendment. Shelby v. State, 819
S.W.2d 544, 546 (Tex. Crim. App. 1991); see U.S. Const. Amend. XIV . A primary interest
secured by the Confrontation Clause is the right of cross-examination. Lopez v. State, 18
S.W.3d 220, 222 (Tex. Crim. App. 2000). Cross-examination is a cornerstone of the
criminal trial process; thus, a defendant must be given wide latitude to explore a witness’s
story, to test the witness’s recollection of events, and to impeach his or her credibility. 
Love v. State, 861 S.W.2d 899, 915 (Tex. Crim. App. 1993). However, a trial court has
wide latitude to impose reasonable limits on cross-examination based on concerns about
“harassment, prejudice, confusion of issues, the witness’s safety, or interrogation that is
repetitive or only marginally relevant.” Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986);
Lopez, 18 S.W.3d at 222.
          Rule 608 of the Texas Rules of Evidence governs the admissibility of evidence
aimed at impeaching a witness’s credibility. Tex. R. Evid. 608. Rule 608(b) expressly
forbids the use of specific instances of conduct for purposes of impeachment of a witness’s
credibility except to “expose bias or interest, rebut affirmative representations made on
direct examination, or to demonstrate a lack of capacity.” Lagrone v. State, 942 S.W.2d
602, 613 (Tex. Crim. App. 1997). However, courts have held that if a complainant has
made a prior false allegation of sexual assault, that in some situations these statements
are admissible even though specific acts of misconduct are generally inadmissible. See
Lopez, 18 S.W.3d at 225-26; Hughes v. State, 850 S.W.2d 260, 262-63 (Tex. App.–Fort
Worth 1993, pet. ref’d); Rushton v. State, 695 S.W.2d 591, 594 (Tex. App.–Corpus Christi
1985, no pet.). There is no evidence in the record to support a prior false allegation of
sexual abuse by the victim. At best, all that is shown is another allegation of sexual assault
that is still in the process of adjudication. Thus, appellant sought to impeach the victim’s
credibility by asking questions about specific conduct regarding an alleged prior sexual
assault. See Tinlin v. State, 983 S.W.2d 65, 69 (Tex. App.–Fort Worth 1998, pet. ref’d).
          To determine whether evidence must be admitted under the Confrontation Clause,
the trial court should balance the probative value sought to be introduced against the risk
of the evidence’s admission. Lopez, 18 S.W.3d at 225. Based on the record presented,
the line of cross-examination sought by appellant would not have explained any animus,
bias, or ill motive on the part of the victim to fabricate the details of her assault. Any
evidence likely to be obtained through such questioning would not have rebutted the
victim’s testimony, or the specific medical evidence presented by the State. The trial court
reasonably concluded that the evidence likely to be obtained from appellant’s questioning
would unduly prejudice and confuse the jury. See id. at 226. 
          Accordingly, we hold the trial court did not abuse its discretion in refusing to allow
appellant to cross-examine the victim regarding a totally separate allegation of sexual
abuse that she had made against another man. We overrule appellant’s second issue.
C. Legal Sufficiency of the Evidence
          In his third issue, appellant contends his conviction should be vacated and set aside
and a judgment of acquittal entered because the State failed to prove that he engaged in
sexual contact with the child. When we review the legal sufficiency of the evidence, we
view all the evidence in the light most favorable to the verdict to determine whether any
rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000). In making this determination, we consider all the
evidence admitted that will sustain the conviction, including improperly admitted evidence. 
Conner v. State, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001).
          Questions concerning the credibility of the witnesses and the weight to be given their
testimony are to be resolved by the trier of fact. Morley v. State, 983 S.W.2d 249, 254
(Tex. Crim. App. 1998). The jury “as the sole judge of the weight and credibility of the
evidence” is free to accept or reject any evidence “even if that evidence was
uncontradicted.” Walkerton v. State, 881 S.W.2d 321, 324 (Tex. Crim. App. 1994) (citing
Vanderbilt v. State, 629 S.W.2d 709, 716 (Tex. Crim. App. 1981)). Evidence is not
rendered insufficient when conflicting evidence is introduced. Machete v. State, 941
S.W.2d 922, 936 (Tex. Crim. App. 1996). The reviewing court must assume that the fact
finder resolved conflicts, including conflicting inferences, in favor of the verdict, and must
defer to that resolution. Id.
          On appeal, we measure the legal sufficiency of the evidence by the elements of the
offense as defined by a hypothetically correct jury charge for the case. See Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Poindexter v. State, 115 S.W.3d 295, 298
(Tex. App.–Corpus Christi 2003, pet. filed). This hypothetically correct jury charge would
set out the law, be authorized by the indictment, not necessarily increase the State's
burden of proof or necessarily restrict the State's theories of liability, and adequately
describe the particular offense for which the defendant was tried. Malik, 953 S.W.2d at
240.
          Under section 21.11 of the Texas Penal Code, a person commits the offense of
indecency with a child if he engages in sexual contact with a child younger than seventeen
years and not the person’s spouse, or causes the child to engage in sexual contact. Tex.
Pen. Code Ann. § 21.11(a)(1) (Vernon 2003). “Sexual contact” means any touching by a
person, including through clothing, of the anus, breast, or any part of the child with the
intent to arouse or gratify any person’s sexual desire. Tex. Pen. Code Ann. § 21.11(c)(1)
(Vernon 2003). Thus, the State had to prove that Jose Luis Valdez touched the anus,
breast, or any other part of the victim with the intent to arouse or gratify his sexual desire.
          Appellant contends that the medical evidence presented by the State did not show
he had any contact with the victim’s genitals. Specifically, appellant relies upon Dr.
Gomez’s testimony that the abrasion he found on the victim appeared on the “perineum,”
which appellant contends is not part of the victim’s genitalia as defined by section
21.11(c)(1) of the penal code. See id.
          However, appellant completely ignores the victim’s testimony that he touched her
genitalia. In front of the jury, the victim specifically pointed to the area where appellant had
touched her. The testimony of a sexual abuse victim alone is sufficient to support a
conviction. Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978); Watson v. State,
548 S.W.2d 676, 679 (Tex. Crim. App. 1977). Courts give wide latitude to testimony given
by child victims of sexual abuse. Villalon v. State, 791 S.W.2d 130, 134 (Tex. Crim. App.
1990). The victim’s description need not be precise in describing what happened to her,
and she is not expected to express herself at the same level of sophistication as an adult. 
Id. There is no requirement that the victim’s testimony be corroborated by medical or
physical evidence. Garcia, 563 S.W.2d at 928; Kemple v. State, 725 S.W.2d 483, 485
(Tex. App.– Corpus Christi 1987, no pet.). Thus, the testimony of the victim alone was
legally sufficient to convict appellant of indecency with a child, regardless of the alleged
lack of medical evidence relating to genital contact.
          In support of his contention, appellant points to several alleged inconsistencies in
Dr. Gomez’s testimony. However, this is not relevant in a legal sufficiency review. The
reviewing court must assume that the fact finder resolved conflicts, including conflicting
inferences, in favor of the verdict, and must defer to that resolution. Machete, 941 S.W.2d
at 936. 
          Thus, viewing the evidence in the light most favorable to the verdict, we hold that
any rational trier of fact could have found the essential elements of the offense of
indecency with a child beyond a reasonable doubt. Accordingly, we hold the evidence is
legally sufficient to support appellant’s conviction. Appellant’s third issue is overruled. 
          The judgment of the trial court is affirmed.
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice
 
 
Do not publish. See Tex. R. App. P. 47.2(b).
Memorandum Opinion delivered and filed this the
12th day of August, 2004.