NO. 07-07-0036-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 27, 2009

_____

ROBERT L. GONZALES, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-414463; HON. CECIL G. PURYEAR, PRESIDING

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

MEMORANDUM OPINION

Appellant Robert L. Gonzales, Jr. appeals from his jury conviction of two counts of

aggravated sexual assault and the resulting concurrent sentences of life imprisonment for

each count.  Appellant presents us with five points of error through which he urges

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon 2005).

reversal. We affirm the trial court's judgment as to Count I and vacate the trial court's judgment as to Count II.

Background

By a November 2006 indictment,[2] appellant was charged with three counts of aggravated sexual assault and one count of indecency with a child by contact, the offenses alleged to have occurred in a single episode in July 2005.[3] Following appellant's plea of not guilty, the matter proceeded to jury trial in January 2007. The State elected to proceed on two aggravated sexual assault counts. One charged appellant with aggravated sexual assault of his eight-year-old daughter by penetration of her sexual organ, the second, by penetration of her anus.

On July 17, 2005, following an incident during which appellant, the complainant's father, seriously beat complainant A.G.'s mother, eight-year-old A.G. confided to her cousin and another female that appellant had sexually abused her the night before. A.G.'s mother was informed of her allegations[4] and A.G. was taken to the hospital for examination. A.G.

---

[2] Appellant originally was indicted in 2005. That cause was dismissed in November 2006 and appellant was re-indicted.

[3] *See* Tex. Penal Code Ann. § 22.021 (Vernon 2007) and Tex. Penal Code Ann. § 21.11(a)(1) (Vernon 2005). An offense under section 22.021 is a first degree felony punishable by imprisonment for life or any term not more than 99 years or less than 5 years and a fine of not more than $10,000. Tex. Penal Code Ann. § 12.32 (Vernon 2003). An offense under section 21.11(a)(1) is a felony of the second degree punishable by imprisonment for a term of not more than 20 years or less than 2 years and a fine of not more than $10,000. Tex. Penal Code Ann. § 12.33 (Vernon 2003).

[4] The record reflects some conflicting testimony regarding events occurring just after A.G.'s mother was informed of her allegations. One of A.G.'s cousins testified that after

was also examined by individuals at the C.A.R.E. Center.[5] Medical evidence introduced at trial reflected that A.G. had three tears in her genitalia and her labia was "very swollen and red." No semen was found and no other noticeable trauma was present.

A.G., ten years old by the time of trial, testified that appellant vaginally and anally penetrated her. She testified that these actions "hurt really bad" and that she screamed for her father to stop, telling him it hurt. The assault continued until A.G.'s baby sister woke up and cried. Appellant got up and A.G. went to the restroom, finding blood.

The next day, A.G. saw her mother and observed the severity of her injuries. A.G. testified she went to a social gathering at her aunt's that day where she swam, jumped on the trampoline, and went down the slide. A.G.'s mother testified A.G. appeared to be behaving normally that day. The jury found appellant guilty and assessed punishment at life imprisonment. Appellant filed a motion for new trial, which was denied without a hearing. This appeal followed.

## Issues

Through five issues, appellant contends the trial court erred by: (1) denying his motion for continuance filed on the day of trial; (2) overruling his offer of proof at trial and wrongfully excluding evidence of a prior outcry and allegation of sexual abuse by A.G.

---

A.G.'s mother was told, she and A.G. went into a bathroom for 15 to 20 minutes. A.G.'s mother testified that this did not occur.

[5] The C.A.R.E. Center is the Child Advocacy Research and Education facility. Sexual assault exams are performed at this facility when sexual abuse is suspected.

against another individual; (3) including an unduly expansive and improper definition of "female sexual organ" in the jury instructions; (4) violating his double jeopardy rights by convicting him of two felonies allegedly committed against the same individual on the same occasion, differing only in their manner and means; and (5) abusing its discretion in denying appellant's motion for new trial without conducting an evidentiary hearing.

Analysis

*Denial of Motion for Continuance and Motion for New Trial*

Appellant's first and fifth issues address the court's ruling regarding appellant's request for an appointed expert. In his first point of error, appellant argues that the trial court erred in granting his request and appointing an expert but denying his accompanying motion for a continuance. By doing so, he argues, the trial court denied him the right to an effective expert as appointing one at the start of trial did not allow sufficient time for the expert to prepare. In his fifth point of error, appellant argues the trial court abused its discretion by denying him a hearing on his motion for new trial because the motion set forth the need for an evidentiary hearing to resolve the question of the degree and severity of the due process harm suffered by appellant by not having an effective expert witness available at trial.

Motion for Continuance

A ruling on a motion for continuance is a matter left to the sound discretion of the trial court. Tex. Code Crim. Proc. Ann. art. 29.06 (Vernon 2006). We thus apply an abuse

4

of discretion standard of review to the trial court's ruling. *Heiselbetz v. State,* 906 S.W.2d 500 (Tex.Crim.App. 1995); *Wilson v. State,* 195 S.W.3d 193, 197 (Tex.App.–San Antonio, 2006, no pet.). To prevail here, appellant also must show that he was actually prejudiced by the trial court's ruling. *Heiselbetz,* 906 S.W.2d at 511.

Appellant's motion for appointment of a medical expert to aid in his defense stated, as a factual basis, that discovery in the case showed "technical medical issues relating to the issue of penetration. More particularly, the available medical records of the alleged victim show no evidence of semen, an intact hymen, and minor trauma to the genital areas. Evidence of anal penetration as charged is similarly ambiguous, at least to a layman, showing what appears to be superficial external (?) (sic) trauma." The motion named the physician appellant desired to have appointed, Dr. Kevin Funk. It asserted the expert's services were "necessary to enable [appellant's] counsel to prepare effectively for trial, present favorable evidence and to confront and cross-examine the state's medical expert or experts."

The trial court granted appellant's request and appointed Dr. Funk, but denied the motion for continuance. On appeal, appellant contends the trial court erred because the appointment of the expert without also granting a continuance resulted in inadequate preparation time for the expert to assist appellant in his defense. Appellant argues that as

a consequence, appellant's due process right to expert assistance was violated[6] and he was actually prejudiced.

Having reviewed the record, we find the trial court did not abuse its discretion by denying the continuance. Appellant's motion for continuance was filed with the motion for appointment of a medical expert, on the morning of trial. The trial court was within its discretion to find that the fair and efficient administration of justice weighed more heavily in favor of denying the motion. *See Greene v. State,* 124 S.W.3d 789, 794 (Tex.App.–Houston [1st Dist.] 2003, pet. ref'd).

Moreover, we are unable to see that the contention presented on appeal, i.e., without the continuance the appointment of a medical expert was ineffective, was ever expressly presented to the trial court. Although the motion for continuance incorporated by reference the motion for medical expert, the continuance motion did not tell the trial court that one was ineffective without the other. Nor was such an argument made during the pretrial hearing at which the request for an expert was granted.

Finally, the record shows that Dr. Funk reviewed A.G.'s medical record and photographs taken at C.A.R.E. He prepared a brief report, which was received in the office of appellant's counsel sometime during the second day of trial. Counsel saw it sometime

---

[6] See generally *Ake v. Oklahoma,* 470 U.S. 66, 68, 83 S.Ct. 1087, 84 L.Ed.2d 53 (1985); *Griffith v. State,* 983 S.W.2d 282, 286 (Tex.Crim.App. 1998) *citing Rey v. State,* 897 S.W.2d 333, 338 (Tex.Crim.App. 1995)*; Rodriguez v. State,* 906 S.W.2d 70 (Tex.App.–San Antonio 1995, pet. dismissed) (all concerning right to expert assistance).

after 5:00 p.m. that evening.[7]  Appellant has demonstrated neither an abuse of discretion

or actual prejudice resulting from the trial court's denial of a continuance on the morning

of trial.

## Motion for New Trial

Likewise, we find the trial court did not abuse its discretion in denying appellant's

motion for new trial without allowing him an opportunity to present evidence.  Appellant's

complaint regarding the denial of his motion for new trial is predicated on essentially the

same evidence as his complaint regarding the denial of his motion for continuance:  the

trial court deprived him of due process rights in appointing an expert without also granting

a continuance.  In support of his motion for new trial, appellant attached the appointed

---

[7] The body of Dr. Funk's report reads, in its entirety, as follows:

> I was asked to review records on this case in regards to possible sexual assault.  The records were read and the photographs at CARE were observed.

> [A.G.] had a moderately violent pulling apart of her buttocks.  The photograph does not prove a new hymenal tear (but the reports specify that on exam, the tear was fresh).  The sulcus irritation is minimal and non-specific.  Anything could cause this type of minimal color change.  It might have been more obvious when freshly after an injury, but the photographs were not diagnostic.  There is no proof that penetration occurred in the vagina or rectum on these photographs.

> I do not have any other plausible cause of the anal tearing since it is too large to be a fissure due to constipation, or a common type injury from examination or normal child play.  There is a chance that her buttocks were pulled far apart from an unusual activity (ie. Gymnastics), to have caused this type of tearing.

expert's report and an affidavit from trial counsel describing his receipt of the expert's brief report and his reaction to it.

We review a trial court's denial of an evidentiary hearing on a motion for new trial for an abuse of discretion. *Wallace v. State,* 106 S.W.3d 103, 108 (Tex.Crim.App. 2003). A defendant's right to a hearing on a motion for new trial is not absolute. *Rozell v. State,* 176 S.W.3d 228, 230 (Tex.Crim.App. 2005). Thus, a trial court is not required to conduct a hearing of the defendant's motion for new trial if the matters raised in the motion are determinable from the record, or if the motion and supporting affidavits are not sufficient to put the trial court on notice that reasonable grounds for a new trial may exist. *Jordan v. State,* 883 S.W.2d 664, 665 (Tex.Crim.App. 1994). When there are no issues presented in a motion for new trial which would require proof to be developed outside the record, or when the matters raised are subject to being determined from the record, there is no error in overruling the motion without conducting an evidentiary hearing. *Rodriguez v. State,* 82 S.W.3d 1, 2 (Tex.App.–San Antonio 2001, pet. dism'd). As noted herein, all of the allegations raised in appellant's motion for new trial were determinable from the trial record and accordingly, we find no abuse of discretion.

The record shows counsel considered subpoenaing Dr. Funk after reading his brief report. We agree with the State that, far from demonstrating appellant suffered violation of his due process rights through counsel's failure to do so, the record shows counsel's reasonable exercise of professional judgment that making the jury aware of the opinions Dr. Funk expressed in his report would not be helpful to appellant's defense. Like the Court of Criminal Appeals in *Wallace*, 106 S.W.3d at 108, we conclude that on this record,

8

the trial court reasonably could have concluded appellant's motion and accompanying affidavits did not show that he could be entitled to relief. In light of the entire evidentiary record and the opinions Dr. Funk expressed in his report, we cannot find persuasive appellant's contention that the doctor's more extensive involvement in the case "might have led to major exculpatory testimony."

Our review of the record reveals a second reason we must conclude the trial court did not abuse its discretion by failing to hold a hearing. Although appellant's motion was entitled "Motion for New Trial and for Evidentiary Hearing," the motion does not contain a request for a hearing, nor does the order in the record make reference to a hearing. *See Rozell*, 176 S.W.3d at 231 (reference to hearing in order attached to motion insufficient to request hearing when motion did not contain request).

We overrule appellant's first and fifth issues on appeal.

*Exclusion of Evidence Set Forth in Offer of Proof*

In appellant's second issue, he asserts the trial court erred in overruling his offer of proof at trial concerning an earlier outcry of sexual abuse by A.G. regarding another individual.[8] This evidence included medical records and testimony by A.G.'s mother. In appellant's offer of proof, A.G.'s mother testified that in 2001 appellant's sister told her that A.G. claimed she had been "hurt" by an uncle that touched her inappropriately. This claim was purportedly elicited after appellant's sister asked A.G. leading questions. The medical evidence introduced in appellant's offer of proof showed that A.G. was examined on that

---

[8] *See* Tex. R. Evid. 103(a)(2) ("[i]n case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked").

occasion, and that the examination revealed no injury or trauma. Appellant argued that A.G.'s prior experience with such an outcry, in conjunction with A.G.'s knowledge of appellant's assault on her mother and her observations of her mother's injuries from that assault, led to fabrication regarding the allegations against him, particularly in light of the fact that A.G.'s allegations against him came to light shortly after A.G. observed injuries sustained by her mother from an assault by appellant. Appellant contends that the evidence proffered was proof of motive, intent, plan, or knowledge on the part of A.G. or her mother, admissible under Texas Rule of Evidence 404(b).

The trial court's decision whether to admit evidence under Rule 404(b) will be upheld on appeal absent an abuse of discretion. *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (op. on reh'g). Thus, we will not intercede as long as the trial court's ruling was at least within the zone of reasonable disagreement. *Id*. Evidence may be admissible under Rule 404(b) if it has relevance apart from character conformity; that is, it tends to establish some elemental fact, such as intent; that it tends to establish some evidentiary fact, such as motive, opportunity, or preparation leading inferentially to an elemental fact; or that it rebuts a defensive theory by showing the absence of mistake or accident. *Id.* at 387-88. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Tex. R. Evid. 401. Relevant evidence is presumed admissible. *Erazo v. State,* 144 S.W.3d 487, 499 (Tex.Crim.App. 2004).

Appellant contends on appeal that the excluded evidence served to support his theory that A.G. fabricated the story of the sexual assault. He points to evidence that A.G. voiced

her outcry shortly after she first saw the injuries her mother suffered from appellant's beating the night before. A.G. testified at trial that her mother looked "horrible." During cross-examination, A.G. agreed with counsel that she felt "very angry" about the beating. In this context, appellant argues the jury should have been permitted to hear the evidence of "a previous unfounded accusation by [A.G.]."

As the State points out, the testimony of A.G.'s mother in appellant's offer of proof provides only indirect evidence of any statement by A.G. As noted, the mother testified that appellant's sister told her of A.G.'s statements. A.G. made no outcry to her mother on that occasion. Appellant's theory places the proffered evidence within the rule discussed in *Lape v. State,* 893 S.W.2d 949, 956 (Tex.App.–Houston [14th Dist.] 1994, pet. ref'd), in which the court affirmed the trial court's exclusion of testimony concerning the complainant's prior allegations of sexual assaults because the allegations were not shown to be false. The trial court reasonably could have viewed the testimony here in a similar light. Although it is clear from the mother's testimony that she believed appellant's sister was coaching A.G. in the 2001 incident, no evidence shows that the specific statement attributed to A.G., then five years old, was false. The trial court's exclusion of the offer of proof testimony was not outside the zone of reasonable disagreement.[9] Appellant's second issue is overruled.

---

[9] Moreover, appellant's argument makes clear that it is A.G.'s mother he theorizes did the coaching here. But the testimony was to the effect that A.G. first told her story to others before her mother had any opportunity to coach her. There is no evidence of any conversation between A.G. and her mother prior to A.G.'s outcry to a female relative and a friend.

11

*Double Jeopardy*

Appellant's fourth point of error asserts the trial court erred by overruling appellant's objections on double jeopardy grounds to the application paragraphs of the jury charge, thereby violating appellant's constitutional rights. Appellant specifically contends that his conviction of two counts of the same offense, committed against the same individual on the same day, differing only in manner and means, violated his constitutional rights.

Double jeopardy prohibits: (1) a subsequent prosecution for the same offense after acquittal; (2) a subsequent prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Gonzales v. State,* 8 S.W.3d 640 (Tex.Crim.App. 2000); *Nickerson v. State,* 69 S.W.3d 661, 670-71 (Tex.App.–Waco 2002, pet. ref'd). The double jeopardy guarantee against multiple punishments for the same offense does no more than to prevent greater punishment than the legislature intended. *Hutchins v. State,* 992 S.W.2d 629, 631 (Tex.App.–Austin 1999, pet. ref'd). Appellant argues here he has been subjected to multiple punishments for the same offense by virtue of multiple counts alleging differing manner and means.

Thus, the inquiry here is whether the Legislature intended to permit multiple punishments for proscribed acts contained within the same statutory subsection. *See, e.g., Ervin v. State,* 991 S.W.2d 804, 814 (Tex.Crim.App. 1999). When multiple punishments arise out of one trial, the *Blockburger* test is the starting point in analyzing two offenses. *Bigon v. State,* 252 S.W.3d 360, 370 (Tex.Crim.App. 2008). *See Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The

12

*Blockburger* test asks whether each offense requires proof of an additional fact which the other does not.  *Id.*  at 304.  *See  Vick v. State,* 991 S.W.2d 830, 833 n.1 (Tex.Crim.App. 1999), *citing United States v. Dixon,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) (reaffirming *Blockburger* test).  When each offense requires proof of an element that the other does not, multiple prosecution is not barred.[10]  *Vick,* 991 S.W.2d at 833 n.1.

In this case, Count I required the State to prove penetration of A.G.'s anus by appellant's penis (genital to genital act).  Count II required the State to prove penetration of A.G.'s female sexual organ by appellant's penis (also genital to genital act).[11]  The only fact not common between the two is the State would have to prove appellant penetrated A.G.'s *anus* with his penis in Count I whereas the State would have to prove appellant penetrated A.G.'s *female sexual organ* with his penis in Count II.  The two offenses are therefore not the same under a strict application of the *Blockburger* test.  However the *Blockburger* test is a rule of statutory construction and is not the exclusive test for determining if the two offenses are the same.  *Bigon,* 252 S.W.3d at 370.

In *Ervin,* 991 S.W.2d at 814, the Court of Criminal Appeals laid out a non-exclusive list of factors to consider when examining if two offenses are the same in the context of multiple punishment.  Those factors include: (1) whether the offense provisions

---

[10] Under the cognate-pleadings approach adopted by the Texas Court of Criminal Appeals, double-jeopardy challenges should be made even to offenses that have differing elements under *Blockburger,* if the same "facts required" are alleged in the indictment. *Bigon,* 252 S.W.3d at 370, *citing Hall v. State,* 225 S.W.3d 524 (Tex.Crim.App. 2007).

[11] Under the court's analysis in *Vick,* proof of genital to genital penetration in Count I is not distinct from proof of genital to genital penetration in Count II.  *See Vick,* 991 S.W.3d at 833 n.1. (noting proof of genital to genital penetration is distinct from proof of genital to mouth contact because each requires proof of an element the other does not).

13

are contained within the same statutory section; (2) whether the offenses are phrased in the alternative; (3) whether the offenses are named similarly; (4) whether the offenses have common punishment ranges; (5) whether the offenses have a common focus, i.e. "gravamen;" (6) whether that common focus tends to indicate a single instance of conduct; (7) whether the elements that differ between the two offenses can be considered the same under an imputed theory of liability that would result in the offenses being considered the same under *Blockburger;* and (8) whether there is legislative history containing an articulation of an intent to treat the offenses as the same or different for double jeopardy purposes. *Ervin,* 991 S.W.2d at 814. These factors are not exclusive, and the question ultimately is whether the legislature intended to allow the same conduct to be punished under both of the offenses. *Bigon,* 252 S.W.3d at 371, *citing Ervin,* 991 S.W.2d at 814.

We apply those factors here. The evidence presented at trial indicated that appellant sexually assaulted his daughter by means of penetrating her (1) anally (Count I) and (2) vaginally (Count II). Each of the offenses for which appellant was convicted are set forth in section 22.021 of the Penal Code. *See* Tex. Penal Code Ann. § 22.021 (Vernon 2007). In fact, each of the offenses are set forth in the same subsection of the statute. *See* Tex. Penal Code Ann. § 22.021(a)(B)(i) (Vernon 2007). This subsection provides:

(a) A person commits an offense:

(1) if the person:

(B) intentionally or knowingly:

14

(i) causes the penetration of the anus or sexual organ of a child by any means;....

The offenses for which appellant was convicted, penetration of A.G.'s anus and penetration of A.G.'s female sexual organ, are set forth in the same subsection in the alternative. The offenses both fall under the name "aggravated sexual assault" and differ only with regard to the part of the body penetrated. The proscribed acts are subject to the identical punishment, i.e., imprisonment for life or any term not more than 99 years or less than 5 years and a fine of not more than $10,000. Tex. Penal Code Ann. § 12.32 (Vernon 2003). The focus of the offenses is the same: penetration of the child's genital area. *See Vick v. State,* 991 S.W.2d at 833. Lastly, section 22.021 is a conduct-oriented offense in which the Legislature criminalized very specific conduct of several different types. *Id.* Each of the criminalized acts is set forth in detail in five separate subsections of the statute. Each section entails different and separate acts to commit the various, prohibited conduct. *Id.* The statute's specificity in separating the acts reflects the legislature's intent to separately and distinctly criminalize any act which constitutes the proscribed conduct. *Id.* Because the offenses for which appellant was convicted are under the same subsection, the Legislature did not intend to provide multiple punishments for two acts falling under a single subsection. We find each of the relevant factors weighs in favor of the two offenses being considered the "same" in these circumstances.[12]

---

[12] *See Duran v. State,* No. 07-07-0110-CR, 2008 WL 794869 (Tex.App.–Amarillo March 26, 2008, pet. ref'd). There, the amended indictment charged the defendant with penetration of the victim's sexual organ (Count II) and penetration of the victim's anus (Count III). In determining the defendant was not denied grand jury review of the charges

15

We therefore agree with appellant that his convictions for both offenses constituted a violation of the double jeopardy guarantee. Generally, when a defendant is convicted of two offenses in violation of the double jeopardy guarantee, the offense carrying the more serious punishment will be retained and the other offense will be set aside. *See Bigon,* 252 S.W.3d at 372-73; *Landers v. State,* 957 S.W.2d 558, 560 (Tex.Crim.App. 1997); *Hutchins,* 992 S.W.2d at 632. Here, each offense carries the same punishment. We must, then, look to other criteria for determining which offense is the more serious. *Bigon,* 252 S.W.3d at 373. In a similar situation, the Court of Criminal Appeals looked to the degree of felony for each offense. *Id.* Again, we note both offenses for which appellant was convicted are first degree felonies subject to the same range of punishment and parole eligibility rules.[13] *See* Tex. Penal Code Ann. § 22.021(e) (Vernon 2007); Tex. Penal Code Ann. § 12.32 (Vernon 2003). However, the trial court assessed court costs in the amount of $428 in Count I but did not assess any additional fees or costs in Count II. *See Ex Parte Cavazos,* 203 S.W.3d at 338-39 (same term of years assessed for each conviction, no fines assessed for either conviction, but restitution of $122 was ordered in the judgment for burglary with intent to commit theft and thus was the "most serious" offense). We find the offense under Count I is the more serious.

---

against him, this Court stated "the amended indictment did not charge an additional or different offense; it merely separated the different means of committing the same offense, sexual assault, into two different counts." See Tex. Code Crim. Proc. Ann. art. 21.24(a).

[13] *But cf. Ex Parte Cavazos,* 203 S.W.3d 333, 338 (Tex.Crim.App. 2006) in which the court overruled cases holding other factors such as degree of felony, range of punishment, and rules governing parole eligibility and awarding of good-conduct time should be used in making the determination of which offense is the most serious.

There is a second reason to retain appellant's conviction under Count 1.  All other factors being equal, the conviction that should be affirmed is the offense named in the first verdict form.  *See Ex parte Cavazos,* 203 S.W.3d at 339 n.8.  Here, Count I appears first.  For these reasons, we will retain appellant's conviction and punishment for the offense alleged in Count I (aggravated sexual assault by penetration of A.G.'s anus by appellant's penis) and vacate appellant's conviction and punishment for the offense alleged in Count II (aggravated sexual assault by penetration of A.G.'s female sexual organ by appellant's penis).  *Bigon,* 252 S.W.3d at 372-73; *Nickerson,* 69 S.W.3d at 671.

Our disposition of appellant's first, second, fourth and fifth issues makes unnecessary our consideration of his third issue, which pertains to the jury charge on Count II.  Accordingly, we vacate the trial court's judgment as to Count II and affirm the trial court's judgment as to Count I.


James T. Campbell
Justice

Do not publish.