# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00074-CR
## NO. 03-11-00075-CR

**Austin Loving, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
NOS. D-1-DC-10-0300616 & D-1-DC-10-0300617
HONORABLE MICHAEL LYNCH, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found Austin Loving guilty on three counts of indecency with a child by contact and two counts of indecency with a child by exposure. The offenses were committed against two sisters. In appellate cause number 03-11-00074-CR concerning the older sister, appellant was convicted of one count of indecent exposure and two counts of indecent contact. In appellate cause number 03-11-00075-CR concerning the younger sister, appellant was convicted of one count each of indecent exposure and indecent contact. The jury assessed punishment at seven years in prison for each of the contact offenses and ten years in prison for the exposure offenses, but recommended that the sentences for the exposure offenses be probated and that community supervision be imposed. The trial court set the probated terms to run consecutively to the prison terms. Appellant contends that code of criminal procedure article 42.12, section 4(d)(5) violates constitutional equal protection and due process guarantees because it forces an otherwise probation-eligible defendant to plead guilty rather than exercise his right to a jury trial. He also contends that the evidence is legally

insufficient to support one of the contact offenses and, alternatively, that one of the exposure offenses is a lesser-included offense of a contact offense involving the same child. Because the challenged exposure offense is a lesser-included offense of the second contact offense relating to that child, we will modify the judgment by vacating the exposure offense against one of the children and affirm the judgment as modified.

## DISCUSSION

We will briefly summarize the events underlying the convictions because the facts are not contested on appeal. Appellant, a nineteen-year-old man, invited his neighbors, two girls aged eight and nine years, to play video games. While they were playing in his bedroom, appellant went into the living room and began viewing pornography on his computer and masturbating. At some point, he touched one girl's breast and the other girl's vagina over their clothes. With his penis exposed, appellant asked or told one of the girls to touch it, and she punched it with her fist.

**Constitutionality of statute limiting jury's authority**

Appellant contends that the statute preventing imposition of community supervision for offenses of indecency with a child by contact violates his federal and state constitutional rights to equal protection and due process. The code of criminal procedure section that permits juries to recommend community supervision contains exclusions, including the following:

> (d) A defendant is not eligible for community supervision under this section if the defendant:
>
> . . . .
>
> (5) is convicted of an offense listed in Section 3g(a)(1)(C), (E), or (H), if the victim of the offense was younger than 14 years of age at the time the offense was committed . . . .

2

Tex. Code Crim. Proc. Ann. art. 42.12, § 4(d)(5) (West Supp. 2011). This subsection (5) was added by the legislature and effective in 2007. Act of May 21, 2007, 80th Leg., R.S., ch. 1205, § 3, 2007 Tex. Gen. Laws 4078, 4079 (eff. Sept. 1, 2007). Indecency with a child is one of the offenses expressly excluded from community supervision. *See id.* § 3g(a)(1)(C). Appellant contends that the statute unconstitutionally forces an otherwise probation-eligible defendant to plead guilty to obtain community supervision rather than exercise his right to a jury trial.

In assessing whether a law impinges on a substantive due process right, the first step is to determine whether the asserted right is fundamental. *See Leebaert v. Harrington*, 332 F.3d 134, 140 (2d Cir. 2003). Where the right infringed is fundamental, strict scrutiny is applied to the challenged governmental regulation. *Reno v. Flores*, 507 U.S. 292, 305 (1993). The right to trial by jury is a fundamental right guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by the Texas Constitution. *See* U.S. Const. amends. VI, XIV; Tex. Const. art. I, § 15.

Equal protection guarantees require that we treat like cases alike. *Vacco v. Quill*, 521 U.S. 793, 799 (1997). Appellant compares the current statute to the invalidated federal statute that permitted only juries to impose the death penalty. *See United States v. Jackson*, 390 U.S. 570 (1968). The Supreme Court held that, by imposing the death penalty only on those who exercised their right to a jury trial, the statute violated the guarantee of equal protection. *Id.* In rejecting the government's argument that the statute served only to mitigate punishment, the Court held that the statute needlessly chilled defendants' exercise of their right to a jury trial by encouraging guilty pleas. *Id.* at 582. Appellant contends in this case that he faced a similarly needless coercion to plead guilty because the legislature removed a beneficial sentencing option if he chose to have a jury trial. Appellant notes that defendants who plead guilty to indecency with a child can receive deferred

3

adjudication probation from the judge. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2011). We note, however, that deferred adjudication is available for this offense only if the judge "makes a finding in open court that placing the defendant on community supervision is in the best interest of the victim." *Id.* The statute permitting judges to assess standard community supervision does not apply when the defendant is guilty of indecency with a child by contact. *See id.* § 3g(a)(1)(C).

We find that this case is better guided by *Corbitt v. New Jersey*, 439 U.S. 212 (1978). In that case, New Jersey law described two levels of murder—first degree, which had a mandatory life sentence, and second degree, which had a maximum sentence of 30 years in prison. *Id.* at 214. In a jury trial, the jury had to decide the degree of the offense before sentence was imposed, including the mandatory life term for first degree murder. The statute did not permit trials to the court or guilty pleas, but did allow no-contest pleas. When sentencing a defendant who pleaded no contest, the judge did not have to specify the degree of the offense. *Id.* The defendant in that case, who was convicted of first-degree murder by a jury and sentenced to life in prison, contended that the law violated his rights to a jury trial, equal protection, and against compelled self-incrimination because it permitted persons who pleaded no contest to receive a lesser sentence for the same behavior. *Id.* at 216. The *Corbitt* court distinguished *Jackson* primarily on the absence of the death penalty which is "unique in its severity and irrevocability." *Id.* at 217 (quoting *Gregg v. Georgia*, 428 U.S. 153, 187 (1976)). The Court held that the pressures to plead and avoid the possibility of the maximum punishment were less when the death penalty was not an option, and also noted that the judge receiving a no-contest plea could still impose life imprisonment. *Id.* The Court acknowledged, however, that a pleader could avoid the *mandatory* life sentence even if the facts supported a finding of first-degree murder. *Id.* at 218. The Court held that this "pressure or

4

encouragement" to plead guilty was not improper. *Id.* at 219. The Court relied on previous rulings as follows:

> While confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable' -- and permissible -- 'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.' [*Chaffin v. Stynchcombe*, 412 U.S. 17, 31 (1973)]. It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty.

*Id.* at 220-21 (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). The Court went on to write that "The States and the Federal Government are free to abolish guilty pleas and plea bargaining; but absent such action, as the Constitution has been construed in our cases, it is not forbidden to extend a proper degree of leniency in return for guilty pleas." *Id.* at 224. Finally, while rejecting the defendant's equal protection argument, the Court wrote that all defendants are given the same choice and that those who choose to contest guilt may face a greater sentence, but may be acquitted or found guilty of a lesser offense, so there is no invidious classification and improper differential in treatment of those "classes" of defendants. *Id*. at 225-26. The defendants found guilty by jury are no more penalized for exercising their right to jury than the defendants who plead guilty are penalized because they surrender their chance to be acquitted. The Court wrote, "Equal protection does not free those who made a bad assessment of risks or a bad choice from the consequences of their decision." *Id.* at 226.

Here, appellant does not contend that he was treated differently from other defendants accused of the same crimes. He had different options than defendants accused of committing the same crime before the effective date of the amended statute, but the legislature can amend statutes.

5

*See* Tex. Const. art. III, § 36. He does not allege that he is treated differently from other defendants accused of committing the same crime at the same time. Defendants who commit crimes listed in article 42.12, section 4(d)(5) have different punishment options than they would if they had committed a different crime, but the legislature can, within limits, assign different punishment schemes to different offenses. In contrast to the statute in *Jackson*, which essentially increased the maximum possible punishment to include the death penalty when a defendant pleaded not guilty, the statute here only "increased" the minimum time served for a person found guilty (as opposed to pleading guilty) by eliminating the possibility of jury-imposed community supervision.

Appellant's assertion that the statute "forces an otherwise probation eligible defendant to plea[d] guilty rather than exercise his rights to a jury trial" is belied by the fact that he pleaded not guilty and exercised his right to a jury trial. While the legislature has chosen to limit the availability of community supervision for certain offenses, it has also chosen to allow prosecutors in certain circumstances to offer the leniency of community supervision to defendants who admit their guilt—perhaps to acknowledge the defendant's acceptance of responsibility, to reward the defendants' choice to spare themselves, their victims, and the witnesses the time, expense, and emotional toll of a trial, or perhaps to reward saving the time and expense of a full prosecution for the State and the judicial system. Whatever the legislature's motivation in adopting the statute, we conclude that appellant was not treated differently from others similarly situated and that he has not shown that the legislature unconstitutionally treated him and offenders like him differently from defendants accused and convicted of other crimes.

Appellant contends that the 2007 removal of the power of the jury to impose community supervision removed a privilege without due process, rendering article 42.12, section 4(d)(5) unconstitutional. There is no allegation or proof that the legislative process in the

adoption of section 4(d)(5) was in any way deficient. Appellant does not provide any support for the proposition that a defendant is entitled to be punished under a statutory scheme that was altered more than two years before he committed the offense for which he is being punished. Appellant did not commit and was not accused of this crime until 2010, so no "entitlement" to any punishment under the previous statutory scheme for these offenses attached and no privilege or process that was due to him as a defendant was unconstitutionally removed or denied by the statute's previous amendment.

**Sufficiency of the evidence**

Appellant also contends that the evidence was legally insufficient to support his conviction for indecency with a child by contact when the child punched his penis. He does not challenge the sufficiency of the evidence concerning his touching of the children with his hands. Indecency with a child by contact occurs when a person "causes the child to engage in sexual contact." Tex. Penal Code Ann. § 21.11(a)(1) (West 2011). Another subpart of that section specially defines sexual contact with children as follows:

> (c) In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:
>
> > (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or
> >
> > (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

*Id.* § 21.11(c). Appellant concedes that he invited the touch to gratify his sexual desire, but contends that the child's punch was not the contact he had in mind and was not a touch intended to gratify

7

sexual desire. He argues that the child's choice to deviate from his requested contact broke the causal chain of events stemming from his request.

We measure the sufficiency of the evidence against the hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). We review the legal sufficiency to sustain a criminal conviction by determining whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We view all the evidence in the light most favorable to the verdict and assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Clayton*, 235 S.W.3d at 778.

Putting the relevant subparts of section 21.11 together, indecency with a child by contact occurs when a person causes a child to touch any part of the genitals of the person with the intent to arouse or gratify sexual desire of any person. *See id.* Appellant takes the statutory language out of context to argue that there is perhaps some grammatical ambiguity regarding whose intent is relevant. In the context of a criminal prosecution for indecency with a child by contact, however, the relevant intent is that of the alleged offender. *See Jones v. State*, 238 S.W.2d 529, 530 (Tex. Crim. App. 1951).[1]

We conclude that legally sufficient evidence supports the verdict. There is ample evidence that appellant viewed pornography and masturbated knowing the children were present.

---

[1] The reason that the adult's intent is the relevant intent becomes clear when we consider an instance of touching that does not constitute indecency by an adult with a child. If a child touched an unconscious adult's genitals and the adult had no knowledge of the touching, much less any intent that it should happen or that it should happen to arouse or gratify anyone's sexual desire, the intentless, unknowing adult would not be transformed into an offender irrespective of the child's intent.

8

Appellant has conceded on appeal that, during that same visit and with the requisite intent,[2] he invited one of the girls to contact his genitals. The child then punched his penis. The record supports a finding that the child-genital contact occurred because of—i.e., was caused by—appellant's invitation. The statute criminalizes causing, with the relevant intent, a child to engage in "any touching of . . . any part of the genitals of a person." The statute does not differentiate among type of contact that is caused, whether it was the exact type the defendant invited, or whether it produced the result the defendant envisioned. The statute defines the contact as "sexual" because of the body part(s) involved and the intent with which it is caused. The evidence is legally sufficient to support the required findings.

**Double jeopardy**

Appellant complains finally that, in this case, the indecency-by-contact offense in which the child punched his penis includes the offense of indecency by exposure with the same child. Appellant never objected to the charge at trial or asserted any double-jeopardy complaint prior to this appeal, but a double jeopardy claim can be raised for the first time on appeal if the undisputed facts make the double-jeopardy violation apparent from the record. *Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008). Specifically, a defendant may raise a double-jeopardy claim for the first time on appeal when the error is apparent on the face of the record and enforcement of the usual rules of procedural default serves no legitimate state interest. *See Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000).

Conviction and punishment for both greater-included and lesser-included offenses can violate the double-jeopardy prohibition by punishing the offender twice for the same offense.

---

[2] The record supports finding of the requisite intent without regard to appellant's concession.

9

*See* U.S. Const. amend. V; Tex. Const. art. I, § 14; *see also Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Littrell v. State*, 271 S.W.3d 273, 275-76 (Tex. Crim. App. 2008). Two offenses may be the "same" if one offense stands in relation to the other as a lesser-included offense, or if the two offenses are defined under distinct statutory provisions but the Legislature has made it clear that only one punishment is intended. An accused may be punished for two offenses that would be regarded as the same under a *Blockburger* analysis if the Legislature has otherwise made manifest its intention that he should be. *Littrell*, 271 S.W.2d at 276. In Texas, an offense is included within another if, among other things, "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Tex. Code Crim. Proc. Ann. art. 37.09(1) (West 2006); *Hutchins v. State*, 992 S.W.2d 629, 632 (Tex. App.—Austin 1999, pet. ref'd). Indecency by exposure may be, but is not necessarily, a lesser included offense of indecency by contact. *Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004). When a defendant is convicted of two offenses in violation of the double-jeopardy prohibitions, the offense carrying the more serious punishment will be retained and other offense will be set aside. *Landers v. State*, 957 S.W.2d 558, 560 (Tex. Crim. App. 1997). Absent a clear indication of contrary legislative intent, we must presume that the legislature did not intend to authorize multiple punishments for two offenses that are the same under the *Blockburger* test. *Hutchins*, 992 S.W.2d at 632 (citing *Whalen v. United States*, 445 U.S. 684, 691-92 (1980)). In this case, appellant exposed his penis in the girls' presence for a few minutes with the intent to arouse or gratify his sexual desire, and then urged one of the girls to touch his exposed penis, which she did. We find no clear intent by the legislature to impose two punishments for these offenses on this fact pattern. We conclude that, under the facts presented, the exposure offense involving the older girl was subsumed by the

contact offense in which the older girl punched appellant's exposed penis and that conviction for both offenses violated the prohibition of double jeopardy.

## CONCLUSION

We vacate appellant's conviction and related punishment on the count of indecency by exposure to the girl who punched him—Count III in trial court cause number D-1-DC-10-0300616, appellate cause number 03-11-00074-CR. We affirm the judgments on the remaining counts in both cases, including the three concurrent seven-year terms of imprisonment for the indecency by contact offenses and a consecutive ten-year term of imprisonment—probated for ten years—for the remaining indecency by exposure offense.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Puryear and Rose

03-11-00074-CR        Affirmed in part; Vacated in part

03-11-00075-CR        Affirmed

Filed:   August 17, 2012

Do Not Publish

11