TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00074-CR

NO. 03-11-00075-CR






Austin Loving, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT

NOS. D-1-DC-10-0300616 & D-1-DC-10-0300617

HONORABLE MICHAEL LYNCH, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 A jury found Austin Loving guilty on three counts of indecency with a child by
contact and two counts of indecency with a child by exposure. The offenses were committed against
two sisters. In appellate cause number 03-11-00074-CR concerning the older sister, appellant was
convicted of one count of indecent exposure and two counts of indecent contact. In appellate cause
number 03-11-00075-CR concerning the younger sister, appellant was convicted of one count each
of indecent exposure and indecent contact. The jury assessed punishment at seven years in prison
for each of the contact offenses and ten years in prison for the exposure offenses, but recommended
that the sentences for the exposure offenses be probated and that community supervision be imposed.
The trial court set the probated terms to run consecutively to the prison terms. Appellant contends
that code of criminal procedure article 42.12, section 4(d)(5) violates constitutional equal protection
and due process guarantees because it forces an otherwise probation-eligible defendant to plead
guilty rather than exercise his right to a jury trial. He also contends that the evidence is legally
insufficient to support one of the contact offenses and, alternatively, that one of the exposure
offenses is a lesser-included offense of a contact offense involving the same child. Because the
challenged exposure offense is a lesser-included offense of the second contact offense relating to that
child, we will modify the judgment by vacating the exposure offense against one of the children and
affirm the judgment as modified.


DISCUSSION


 We will briefly summarize the events underlying the convictions because the facts
are not contested on appeal. Appellant, a nineteen-year-old man, invited his neighbors, two girls
aged eight and nine years, to play video games. While they were playing in his bedroom, appellant
went into the living room and began viewing pornography on his computer and masturbating. At
some point, he touched one girl's breast and the other girl's vagina over their clothes. With his penis
exposed, appellant asked or told one of the girls to touch it, and she punched it with her fist.


Constitutionality of statute limiting jury's authority

 Appellant contends that the statute preventing imposition of community supervision
for offenses of indecency with a child by contact violates his federal and state constitutional rights
to equal protection and due process. The code of criminal procedure section that permits juries to
recommend community supervision contains exclusions, including the following:


 (d) A defendant is not eligible for community supervision under this section if the
defendant:


 . . . .


 (5) is convicted of an offense listed in Section 3g(a)(1)(C), (E), or (H), if the
victim of the offense was younger than 14 years of age at the time the offense
was committed . . . .

Tex. Code Crim. Proc. Ann. art. 42.12, § 4(d)(5) (West Supp. 2011). This subsection (5) was
added by the legislature and effective in 2007. Act of May 21, 2007, 80th Leg., R.S., ch. 1205, § 3,
2007 Tex. Gen. Laws 4078, 4079 (eff. Sept. 1, 2007). Indecency with a child is one of the offenses
expressly excluded from community supervision. See id. § 3g(a)(1)(C). Appellant contends that the
statute unconstitutionally forces an otherwise probation-eligible defendant to plead guilty to obtain
community supervision rather than exercise his right to a jury trial.

 In assessing whether a law impinges on a substantive due process right, the first
step is to determine whether the asserted right is fundamental. See Leebaert v. Harrington, 332 F.3d
134, 140 (2d Cir. 2003). Where the right infringed is fundamental, strict scrutiny is applied to the
challenged governmental regulation. Reno v. Flores, 507 U.S. 292, 305 (1993). The right to trial by
jury is a fundamental right guaranteed by the Sixth and Fourteenth Amendments to the United States
Constitution and by the Texas Constitution. See U.S. Const. amends. VI, XIV; Tex. Const. art. I,
§ 15.

 Equal protection guarantees require that we treat like cases alike. Vacco v. Quill,
521 U.S. 793, 799 (1997). Appellant compares the current statute to the invalidated federal statute
that permitted only juries to impose the death penalty. See United States v. Jackson, 390 U.S. 570
(1968). The Supreme Court held that, by imposing the death penalty only on those who exercised
their right to a jury trial, the statute violated the guarantee of equal protection. Id. In rejecting the
government's argument that the statute served only to mitigate punishment, the Court held that the
statute needlessly chilled defendants' exercise of their right to a jury trial by encouraging guilty
pleas. Id. at 582. Appellant contends in this case that he faced a similarly needless coercion to plead
guilty because the legislature removed a beneficial sentencing option if he chose to have a jury trial.
Appellant notes that defendants who plead guilty to indecency with a child can receive deferred
adjudication probation from the judge. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a)
(West Supp. 2011). We note, however, that deferred adjudication is available for this offense only
if the judge "makes a finding in open court that placing the defendant on community supervision is
in the best interest of the victim." Id. The statute permitting judges to assess standard community
supervision does not apply when the defendant is guilty of indecency with a child by contact. See
id. § 3g(a)(1)(C).

 We find that this case is better guided by Corbitt v. New Jersey, 439 U.S. 212 (1978).
In that case, New Jersey law described two levels of murder--first degree, which had a mandatory
life sentence, and second degree, which had a maximum sentence of 30 years in prison. Id. at 214.
In a jury trial, the jury had to decide the degree of the offense before sentence was imposed,
including the mandatory life term for first degree murder. The statute did not permit trials to the
court or guilty pleas, but did allow no-contest pleas. When sentencing a defendant who pleaded no
contest, the judge did not have to specify the degree of the offense. Id. The defendant in that case,
who was convicted of first-degree murder by a jury and sentenced to life in prison, contended that
the law violated his rights to a jury trial, equal protection, and against compelled self-incrimination
because it permitted persons who pleaded no contest to receive a lesser sentence for the same
behavior. Id. at 216. The Corbitt court distinguished Jackson primarily on the absence of the death
penalty which is "unique in its severity and irrevocability." Id. at 217 (quoting Gregg v. Georgia,
428 U.S. 153, 187 (1976)). The Court held that the pressures to plead and avoid the possibility of
the maximum punishment were less when the death penalty was not an option, and also noted
that the judge receiving a no-contest plea could still impose life imprisonment. Id. The Court
acknowledged, however, that a pleader could avoid the mandatory life sentence even if the facts
supported a finding of first-degree murder. Id. at 218. The Court held that this "pressure or
encouragement" to plead guilty was not improper. Id. at 219. The Court relied on previous rulings
as follows:


 While confronting a defendant with the risk of more severe punishment clearly
may have a 'discouraging effect on the defendant's assertion of his trial rights, the
imposition of these difficult choices [is] an inevitable' -- and permissible -- 'attribute
of any legitimate system which tolerates and encourages the negotiation of pleas.'
[Chaffin v. Stynchcombe, 412 U.S. 17, 31 (1973)]. It follows that, by tolerating and
encouraging the negotiation of pleas, this Court has necessarily accepted as
constitutionally legitimate the simple reality that the prosecutor's interest at the
bargaining table is to persuade the defendant to forgo his right to plead not guilty.

 

Id. at 220-21 (quoting Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978)). The Court went on to
write that "The States and the Federal Government are free to abolish guilty pleas and plea
bargaining; but absent such action, as the Constitution has been construed in our cases, it is not
forbidden to extend a proper degree of leniency in return for guilty pleas." Id. at 224. Finally, while
rejecting the defendant's equal protection argument, the Court wrote that all defendants are given
the same choice and that those who choose to contest guilt may face a greater sentence, but may be
acquitted or found guilty of a lesser offense, so there is no invidious classification and improper
differential in treatment of those "classes" of defendants. Id. at 225-26. The defendants found
guilty by jury are no more penalized for exercising their right to jury than the defendants who plead
guilty are penalized because they surrender their chance to be acquitted. The Court wrote, "Equal
protection does not free those who made a bad assessment of risks or a bad choice from the
consequences of their decision." Id. at 226.

 Here, appellant does not contend that he was treated differently from other defendants
accused of the same crimes. He had different options than defendants accused of committing the
same crime before the effective date of the amended statute, but the legislature can amend statutes. 
See Tex. Const. art. III, § 36. He does not allege that he is treated differently from other defendants
accused of committing the same crime at the same time. Defendants who commit crimes listed in
article 42.12, section 4(d)(5) have different punishment options than they would if they had
committed a different crime, but the legislature can, within limits, assign different punishment
schemes to different offenses. In contrast to the statute in Jackson, which essentially increased the
maximum possible punishment to include the death penalty when a defendant pleaded not guilty, the
statute here only "increased" the minimum time served for a person found guilty (as opposed to
pleading guilty) by eliminating the possibility of jury-imposed community supervision.

 Appellant's assertion that the statute "forces an otherwise probation eligible defendant
to plea[d] guilty rather than exercise his rights to a jury trial" is belied by the fact that he pleaded not
guilty and exercised his right to a jury trial. While the legislature has chosen to limit the availability
of community supervision for certain offenses, it has also chosen to allow prosecutors in certain
circumstances to offer the leniency of community supervision to defendants who admit their
guilt--perhaps to acknowledge the defendant's acceptance of responsibility, to reward the
defendants' choice to spare themselves, their victims, and the witnesses the time, expense, and
emotional toll of a trial, or perhaps to reward saving the time and expense of a full prosecution for
the State and the judicial system. Whatever the legislature's motivation in adopting the statute, we
conclude that appellant was not treated differently from others similarly situated and that he has not
shown that the legislature unconstitutionally treated him and offenders like him differently from
defendants accused and convicted of other crimes.

 Appellant contends that the 2007 removal of the power of the jury to impose
community supervision removed a privilege without due process, rendering article 42.12,
section 4(d)(5) unconstitutional. There is no allegation or proof that the legislative process in the
adoption of section 4(d)(5) was in any way deficient. Appellant does not provide any support for
the proposition that a defendant is entitled to be punished under a statutory scheme that was altered
more than two years before he committed the offense for which he is being punished. Appellant did
not commit and was not accused of this crime until 2010, so no "entitlement" to any punishment
under the previous statutory scheme for these offenses attached and no privilege or process that was
due to him as a defendant was unconstitutionally removed or denied by the statute's previous
amendment.


Sufficiency of the evidence

 Appellant also contends that the evidence was legally insufficient to support his
conviction for indecency with a child by contact when the child punched his penis. He does not
challenge the sufficiency of the evidence concerning his touching of the children with his hands.
Indecency with a child by contact occurs when a person "causes the child to engage in sexual
contact." Tex. Penal Code Ann. § 21.11(a)(1) (West 2011). Another subpart of that section
specially defines sexual contact with children as follows: 


 (c) In this section, "sexual contact" means the following acts, if committed with the
intent to arouse or gratify the sexual desire of any person:


 (1) any touching by a person, including touching through clothing, of the
anus, breast, or any part of the genitals of a child; or


 (2) any touching of any part of the body of a child, including touching
through clothing, with the anus, breast, or any part of the genitals of a person.

 


Id. § 21.11(c). Appellant concedes that he invited the touch to gratify his sexual desire, but contends
that the child's punch was not the contact he had in mind and was not a touch intended to gratify
sexual desire. He argues that the child's choice to deviate from his requested contact broke the
causal chain of events stemming from his request.

 We measure the sufficiency of the evidence against the hypothetically correct
jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). We review the legal
sufficiency to sustain a criminal conviction by determining whether a rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 319 (1979); Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We view all the
evidence in the light most favorable to the verdict and assume that the trier of fact resolved conflicts
in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports
the verdict. Clayton, 235 S.W.3d at 778.

 Putting the relevant subparts of section 21.11 together, indecency with a child by
contact occurs when a person causes a child to touch any part of the genitals of the person with the
intent to arouse or gratify sexual desire of any person. See id. Appellant takes the statutory language
out of context to argue that there is perhaps some grammatical ambiguity regarding whose
intent is relevant. In the context of a criminal prosecution for indecency with a child by contact,
however, the relevant intent is that of the alleged offender. See Jones v. State, 238 S.W.2d 529, 530
(Tex. Crim. App. 1951). (1)

 We conclude that legally sufficient evidence supports the verdict. There is ample
evidence that appellant viewed pornography and masturbated knowing the children were present. 
Appellant has conceded on appeal that, during that same visit and with the requisite intent, (2) he
invited one of the girls to contact his genitals. The child then punched his penis. The record
supports a finding that the child-genital contact occurred because of--i.e., was caused
by--appellant's invitation. The statute criminalizes causing, with the relevant intent, a child to
engage in "any touching of . . . any part of the genitals of a person." The statute does not
differentiate among type of contact that is caused, whether it was the exact type the defendant
invited, or whether it produced the result the defendant envisioned. The statute defines the contact
as "sexual" because of the body part(s) involved and the intent with which it is caused. The evidence
is legally sufficient to support the required findings.


Double jeopardy

 Appellant complains finally that, in this case, the indecency-by-contact offense in
which the child punched his penis includes the offense of indecency by exposure with the same child.
Appellant never objected to the charge at trial or asserted any double-jeopardy complaint prior to this
appeal, but a double jeopardy claim can be raised for the first time on appeal if the undisputed
facts make the double-jeopardy violation apparent from the record. Bigon v. State, 252 S.W.3d 360,
369 (Tex. Crim. App. 2008). Specifically, a defendant may raise a double-jeopardy claim for the
first time on appeal when the error is apparent on the face of the record and enforcement of the usual
rules of procedural default serves no legitimate state interest. See Gonzalez v. State, 8 S.W.3d 640,
643 (Tex. Crim. App. 2000).

 Conviction and punishment for both greater-included and lesser-included offenses
can violate the double-jeopardy prohibition by punishing the offender twice for the same offense. 
See U.S. Const. amend. V; Tex. Const. art. I, § 14; see also Blockburger v. United States, 284 U.S.
299, 304 (1932); Littrell v. State, 271 S.W.3d 273, 275-76 (Tex. Crim. App. 2008). Two offenses
may be the "same" if one offense stands in relation to the other as a lesser-included offense, or if the
two offenses are defined under distinct statutory provisions but the Legislature has made it clear
that only one punishment is intended. An accused may be punished for two offenses that would be
regarded as the same under a Blockburger analysis if the Legislature has otherwise made manifest
its intention that he should be. Littrell, 271 S.W.2d at 276. In Texas, an offense is included
within another if, among other things, "it is established by proof of the same or less than all the
facts required to establish the commission of the offense charged." Tex. Code Crim. Proc. Ann.
art. 37.09(1) (West 2006); Hutchins v. State, 992 S.W.2d 629, 632 (Tex. App.--Austin 1999,
pet. ref'd). Indecency by exposure may be, but is not necessarily, a lesser included offense of
indecency by contact. Patterson v. State, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004). When a
defendant is convicted of two offenses in violation of the double-jeopardy prohibitions, the offense
carrying the more serious punishment will be retained and other offense will be set aside. Landers
v. State, 957 S.W.2d 558, 560 (Tex. Crim. App. 1997). Absent a clear indication of contrary
legislative intent, we must presume that the legislature did not intend to authorize multiple
punishments for two offenses that are the same under the Blockburger test. Hutchins, 992 S.W.2d
at 632 (citing Whalen v. United States, 445 U.S. 684, 691-92 (1980)). In this case, appellant exposed
his penis in the girls' presence for a few minutes with the intent to arouse or gratify his sexual desire,
and then urged one of the girls to touch his exposed penis, which she did. We find no clear intent
by the legislature to impose two punishments for these offenses on this fact pattern. We conclude
that, under the facts presented, the exposure offense involving the older girl was subsumed by the
contact offense in which the older girl punched appellant's exposed penis and that conviction for
both offenses violated the prohibition of double jeopardy.


CONCLUSION


 We vacate appellant's conviction and related punishment on the count of indecency
by exposure to the girl who punched him--Count III in trial court cause number D-1-DC-10-0300616, appellate cause number 03-11-00074-CR. We affirm the judgments on the remaining
counts in both cases, including the three concurrent seven-year terms of imprisonment for the
indecency by contact offenses and a consecutive ten-year term of imprisonment--probated for
ten years--for the remaining indecency by exposure offense.



 

 Jeff Rose, Justice

Before Chief Justice Jones, Justices Puryear and Rose

03-11-00074-CR Affirmed in part; Vacated in part

03-11-00075-CR Affirmed

Filed: August 17, 2012

Do Not Publish
1. The reason that the adult's intent is the relevant intent becomes clear when we consider
an instance of touching that does not constitute indecency by an adult with a child. If a child touched
an unconscious adult's genitals and the adult had no knowledge of the touching, much less any
intent that it should happen or that it should happen to arouse or gratify anyone's sexual desire,
the intentless, unknowing adult would not be transformed into an offender irrespective of the
child's intent.
2. The record supports finding of the requisite intent without regard to appellant's concession.